[L. A. No. 1068.  Department Two.—September 17, 1902.]

SAN DIEGO INVESTMENT COMPANY, Plaintiff, Appellant, and Respondent, v. E. E. SHAFFER, Auditor of San Diego County, Defendant, Respondent, and Appellant.

TAXATION—REDEMPTION FROM STATE—INTEREST.—Under section 3817 of the Political Code, as amended in 1895, providing for redemption of lands sold to the state for taxes, the interest should be computed upon the taxes due thereon at the time of sale, and not upon any penalties or costs.

---

[1] 12 Am. St. Rep. 172.

ID.—COSTS AND EXPENSES OF REDEMPTION.—The "costs and expenses of redemption" referred to in the statute means the amounts due as computed according to the statute.

ID.—AMOUNT OF TAXES DUE.—The original amount of taxes, with interest thereon at the rate of seven per cent per annum, and a penalty of ten per cent upon said original amount if redeemed within six months, twenty per cent, if within one year, and so on, as the statute provides, is all that can be claimed on the amount of the taxes due at the time of sale. To this is to be added the amount of taxes based upon the rate and valuation for each succeeding year after the sale and prior to the redemption.

CROSS-APPEALS from a judgment of the Superior Court of San Diego County. E. S. Torrance, Judge.

The facts are stated in the opinion of the court.

Collier & Smith, for Plaintiff, Appellant, and Respondent.

T. L. Lewis, District Attorney, and A. Haines, Deputy District Attorney, for Defendant, Respondent, and Appellant.

THE COURT.—This is an application upon verified petition to compel defendant as auditor of San Diego County to furnish correct estimates of the amounts required to redeem certain lands sold to the state for delinquent taxes on July 1, 1895. Certain questions were presented upon demurrer, and after determining the questions of law thus raised, the court ordered judgment that the writ issue in accordance with the rulings on demurrer. Both parties appeal from the judgment. It is not necessary to discuss in detail the various items and the rulings of the court in connection therewith. The statute in force at the time of the sale, and by which the right to redeem must be governed, is section 3817 of the Political Code as amended in February, 1895. The statute, so far as applicable here, provided that after the sale of land to the state the owner should be entitled to redeem upon paying "the amount of taxes due thereon at the time of said sale, with interest thereon at the rate of seven per cent per annum; and also all taxes that were a lien upon said real estate at the time said taxes became delinquent; and also for each year since the sale for which taxes on said land have not been paid, an amount equal to the percentage of taxes for that year upon the value of the real estate as assessed for that year;

or, if not so assessed, then upon the value of the property as assessed in the year nearest the time of such redemption, with interest from the first day of January of each of said years, respectively, at the same rate, to the time of redemption; and also all costs and expenses of such redemption, as hereinafter specified, and penalties as follows, to wit: Ten per cent if redeemed within six months from the date of sale; twenty per cent if redeemed within one year therefrom; forty per cent if redeemed within two years therefrom; sixty per cent if redeemed within three years therefrom; eighty per cent if redeemed within four years therefrom; and one hundred per cent if redeemed within five or any greater number of years therefrom. The penalty shall be computed upon the amount of each year's taxes in like manner, reckoning from the time when the lands would have been sold for the taxes of that year, if there had been no previous sale thereof.''

Under the above statute the interest should have been computed upon the taxes ''due thereon at the time of sale,'' and not upon any penalties or costs. (*Collier, Jr.,* v. *Shaffer, ante,* p. 319.)

The original amount of taxes, with interest thereon at the rate of seven per cent per annum, and a penalty of ten per cent upon said original amount if redeemed within six months, twenty per cent if within one year, and so on, as the statute provides, is all that can be claimed on the amount of the taxes due at the time of sale. To this is to be added the amount of taxes based upon the rate and valuation for each succeeding year after the sale and prior to redemption. These amounts are to draw interest at the rate of seven per cent from the first day of January after such taxes for the succeeding years become due, respectively.

The penalties as provided in the section shall be computed upon the amount of each year's taxes in like manner, reckoning from the time when the lands would have been sold for the taxes of that year if there had been no previous sale thereof. The penalties to be computed upon the amount of taxes for the succeeding years as if they had actually been sold at the time provided for such sale, if there had been no previous sale.

The ''costs and expenses of redemption'' referred to in the statute means the amounts due as computed according to the

statute. The result is, that a party whose lands are sold for taxes may redeem within six months after the sale for a less amount than the land sold for, as the sale is required to be for the twenty-per-cent penalty and costs. But the legislature has provided the mode of redeeming, and we cannot require more than the measure of the statute.

The judgment is reversed, with directions to the court below to enter judgment in accordance with the views herein expressed.