[L. A. No. 1590. · Department Two.—April 6, 1905.]

## PALOMARES LAND COMPANY, Appellant, v. COUNTY OF LOS ANGELES, Respondent.

TAXES—REDEMPTION FROM SALE OF LAND—PAYMENTS FOR YEAR'S TAX —INVALID ASSESSMENT — ADMISSION OF VALIDITY AND TITLE — INTEREST.—In redeeming from a sale of lands to the state for unpaid taxes the amount of all the taxes, the tax of the year for

which the land was sold, whether state and county or school taxes, must be paid, with interest, costs, and penalties thereon, though the assessment for that year was technically void. In such redemption, the state is to be regarded as asserting, and the redemption as admitting, the validity of the assessment and the resulting title of the state. But no interest is required to be paid upon the costs of sale.

ID.—PAYMENT OF SUBSEQUENT TAXES—VALIDITY OF ASSESSMENT—PENALTIES.—In the payment of taxes for subsequent years, upon redemption, the payment of penalties thereon depends upon the validity of the assessment. If no valid assessment is made for any year there can be no penalty thereon, though the unassessed property must pay taxes upon its value for that year as assessed in the year nearest the time of redemption.

ID.—ASSESSMENT OF MORTGAGED LAND TO OWNER—MISTAKE IN NAME.—The assessment of mortgaged land to the owner for subsequent years, without regard to the mortgage liens, is not void; but the error of the assessor is simply that of assessing real property to the wrong person, which does not render the assessment invalid, and penalties must be paid thereon for purposes of redemption of land previously sold for taxes.

ID.—INSUFFICIENT DESCRIPTION OF LAND—FALSE METES AND BOUNDS—ABSENCE OF IDENTIFICATION.—An assessment of land by false metes and bounds, and containing no other description sufficient to identify it, is wholly void, and no penalties are required to be paid thereon for purposes of redemption.

ID.—RECOVERY BACK OF PENALTIES IMPROPERLY EXACTED.—Penalties improperly exacted upon void assessments in subsequent years upon redemption of land previously sold to the state for taxes may be recovered back under section 3804 of the Political Code. The payments were not voluntary, and might be recovered back independently of that section.

APPEAL from a judgment of the Superior Court of Los Angeles County. Waldo M. York, Judge.

The facts are stated in the opinion.

Lee & Scott, and Lee, Scott, Bailey & Chase, for Appellant.

U. S. Webb, Attorney-General, J. D. Fredericks, District Attorney, and William P. James, Deputy District Attorney, for Respondent.

SMITH, C.—This suit was brought to recover money paid by plaintiff to respondent's treasurer, as penalties, etc., in redemption of lands sold to the state for taxes. No claim is

made for repayment of the taxes themselves. The lands affected by the sale are in Los Angeles County, and consist of a tract of land owned by Mrs. Lugarda A. de Palomares in the Rancho San Jose, and of two tracts elsewhere situated, owned by Concepcion de Avila and others. Both properties were assessed to Mrs. Palomares for the year 1895, but separately; and the following year the lands were sold to the state for the taxes levied on these assessments. There was also a claim for money paid under protest for taxes on the same lands for the year 1898; but this claim was found by the court to be barred by the statute of limitations, and no objection is made to this finding. The amount demanded by the plaintiff was $719.59 with interest, etc.; but the court gave it judgment for the sum of $192 only (which was held to be due on the auditor's estimate under the rules in *San Diego Investment Co.* v. *Shaffer,* 137 Cal. 323), and costs. The plaintiff's appeal is from the judgment. In the case cited, the statutory provisions involved were—it is said by the court—those of section 3817 of the Political Code as amended in February, 1895; in this case they are those of the amendment of the following month. (Stats. 1895, pp. 22, 333.) But the provisions of the two acts are identical, except in the concluding sentences in each, relating to matters not here involved, and in the omission from the latter act of a clause of the former, requiring to be paid—in addition to ''amount of taxes'' and ''interest''—the *''costs and expenses, which may have accrued by reason of such delinquency and sale.''*

Under this ruling the appellant was charged with the penalties for delinquency prescribed by the Political Code (sec. 3817 —Stats. 1895—cited above)—ranging from eighty to twenty per cent on the taxes for the year of the sale, 1895, and the years 1896 and 1897; and it is claimed that this was erroneous, for the reason that the several assessments, and consequently the penalties, were in fact null and void. Failing this contention, it is further claimed, that the provisions of the section cited imposing penalties for delinquency, were not intended to apply to the district school taxes included in the several assessments, and that to this extent, at least, the estimates were wrong. In these contentions no distinction is made by the appellants' counsel between the assessments for the year 1895, for which the lands were sold, and those for subsequent

years; but these will be considered separately, commencing with the former.

With regard to the taxes for 1895, we think the provisions of the law authorizing redemption (Pol. Code, sec. 3817) are to be regarded simply as an offer by the state to release its claims to the land sold upon the terms proposed, and therefore, as applying tô all sales, whether valid or otherwise. In the redemption, therefore, the state is to be regarded as asserting, and the redemptioner as admitting, the validity of the assessment, and of the resulting title of the state. Thus far, therefore, the payment of the taxes by the plaintiff was simply the acceptance of an offer of the state which it was at liberty to decline, and, hence, purely voluntary. This, we think, accords with the obvious intention of the act, for otherwise —according to the appellant's contention—in the case of a sale technically void, the effect of the act would be to permit a redemption without paying either penalties, costs, or taxes; which would be to devolve upon the county auditor the judicial function of determining the validity of the assessment, and of the title of the state, and the power to make on behalf of the state, without consideration, "a deed of reconveyance" of its title, if regarded by him as invalid. Nor is the language of the act consistent with such a construction. For upon this theory there would be no sale to redeem from nor money to be paid; and hence, the language of the act would be inapplicable.

It is clear, therefore, that the payment of the *"amount of taxes"* due at the time of the sale is made by the act an essential condition of redemption; and as this is the principal sum on which the percentages described in the act are to be estimated (*San Diego* v. *Shaffer*, 137 Cal. 325), it follows that the payment of the prescribed penalty is equally a condition; nor in the application of this provision can any distinction be made between the state and county and district school tax. For the last constitutes—within the plain intent of the act— part of "the amount of taxes due . . . at the time of the sale"; and it is to this—as we have in effect held—that the provision imposing the penalty obviously refers.

It is to be observed, however, that the auditor's estimate includes the fifteen and five per cent penalties imposed by section 3756 of the Political Code, and also the costs imposed

by section 3770, with interest, and percentage for redemption; which, under the provisions of section 3817, as amended in March, 1895, and the decision in *San Diego Investment Co. v. Shaffer,* 137 Cal. 323, was unwarranted; and also that the same errors were made with regard to the taxes for the subsequent years 1896 and 1897. But we suppose, and hence assume, that the sums thus erroneously charged and paid are included in the amount of $191 allowed by the court; and that the error was thus corrected.

This leaves us to consider only the penalties for redemption for the years following the year of the first assessment. The validity of these will depend upon provisions of the statute other than those we have been considering, namely: Those of section 3817 of the Political Code, as to the principal amounts to be paid; and those relating to the penalties. As to the former, the statute requires the redemptioner—in addition to "the amount of taxes due . . . at the time of the sale," etc.—to pay "also for each year since the sale for which taxes on said land have been paid, *an amount equal to the percentage of taxes for that year, upon the value of the real estate as assessed for that year, or, if not so assessed, then upon the value of the property as assessed in the year nearest the time of such redemption.*" As to the latter, the provisions are: "The penalty shall be computed upon the amount of each year's taxes in like manner, reckoning from the time *when the lands would have been sold for that year if there had been no previous sale thereof.*"

Under the former of the provisions quoted, two cases are presented, namely: The case where the property has been assessed for the year referred to, and the case where it has not been assessed for that year. In the former case, the redemptioner is required to pay "an amount equal to the percentage of taxes" upon the value of the property as assessed—which is but to say "the taxes assessed." For the taxes are assessed, or rather levied, by simply applying to the assessed value the rate as ascertained under the provisions of sections 1837, 3696, and 3714 of the Political Code; and this function—which is performed by the auditor—is purely ministerial. (Pol. Code, secs. 3715, 3731.) The expression used is, therefore, to be regarded as equivalent to the expression in the section as it now stands, to wit, "all unpaid taxes of every

description assessed against the property for each year since the sale''; and, while both expressions are sufficiently clear, the former is clearly the more accurate. We find, therefore, with regard to each year subsequent to the sale, two classes of cases provided for by the act, namely: Those of taxes assessed against the property, and those of unassessed property.

To the former case, the penalty clause obviously applies, but we think it equally clear that it cannot be regarded as applying to the latter. For, having regard to the language used, the penalty is to be computed upon ''each year's *taxes*,'' and, properly speaking, there are no taxes upon unassessed land; and that the word taxes is here used in its proper sense, is shown by the provision following: That the penalty shall be computed ''from the time when *the land would have been sold for the taxes of that year,* if there had been no previous sale thereof''; which with regard to unassessed land would be an impossible contingency. Still less can we suppose the intention of the legislature to have been to impose a penalty upon any one for not paying money, which, until assessment, he was under no obligation, legal or moral, to pay.

The question, therefore, is, whether the plaintiff is to be assigned to the one or the other of the two categories referred to in the act; and this question, we think, is to be determined by the question of the validity or non-validity of the assessment in each case. For if the assessment was void, there was no obligation on the plaintiff to pay it, and consequently no ground for a penalty.

To the validity of the assessments numerous objections are made, but of these, two only apply to the assessments now under consideration. One of these—which applies to all the assessments in question—is: That the property, in each case, was assessed without regard to mortgage liens; the other— applying only to the San Jose land—that the description in each assessment is fatally insufficient.

In support of the former point, the decision in *Knott* v. *Peden,* 84 Cal. 299, is cited, where it was held that such assessments are void. But this decision was in effect overruled in the later case of *Henne* v. *Los Angeles County,* 129 Cal. 297; and, upon the authority of that case, we think it must be held that the failure of the assessor to deduct the amounts due on the mortgages did not render the assessment void.

And this, on principle, seems to be correct. For the error of the assessor in such case is simply that of assessing real property to the wrong person; as to which it is provided: "No mistake in the name of the owner or supposed owner of real property shall render the assessment thereof invalid." (Pol. Code, sec. 3628; *Lake County v. Sulphur etc. Co.,* 66 Cal. 17.)

As to the assessments of the San Jose land, it appears from the findings that in each of them the metes and bounds given, or most of them, are false; and it is expressly alleged and found that the description given in the assessment is not "sufficient to identify said tract." In this, therefore, the assessor has failed to observe the express provisions of the law—which required him to describe the land "by metes and bounds or other description sufficient to identify it"; and it cannot, we think, be doubted, that the assessment was wholly void. (Pol. Code, sec. 3650, subd. 2; *People* v. *Mahoney,* 55 Cal. 286; *Harvey* v. *Meyer,* 117 Cal. 60; *Miller* v. *Williams,* 135 Cal. 184; *Best* v. *Wohlford,* 144 Cal. 737; *Central Pac. R. R. Co.* v. *Nevada,* 162 U. S. 524-525.)

In the cases cited it is held that a stricter rule is applied in the case of tax-deeds than others; and in the first case cited it is held that "evidence *aliunde* to render [the description] certain" is inadmissible. The latter point has perhaps been overruled in *Best* v. *Wohlford,* 144 Cal. 737. But in view of the finding, neither of the propositions asserted in the former cases need be resorted to here.

It is, indeed, found by the court that the descriptions were "sufficient to enable the owners of said land to know that the land was intended to be described in said assessments, and . . . sufficient to enable them to pay the taxes on said land before delinquency." But this finding we regard as immaterial. It is indeed said in *Bosworth* v. *Danzien,* 25 Cal. 300, that "the test . . . to which every false call occurring in the course of tax proceedings is to be subjected is: Has it probably had the effect to mislead the landowner in relation to the land assessed, advertised and sold?" But this is to be understood as assuming that the description be sufficient to identify the land. (1 Cooley on Taxation, 744-745.) The same observation may be made as to what is said in *Best* v. *Wohlford,* 144 Cal. 737.

It follows that the penalties for redeeming the land in the

San Jose ranch, assessed to Mrs. Palomares, were illegally exacted, and that these sums, aggregating $162.60, should have been allowed the plaintiff in addition to the amount adjudged it by the lower court.

As to the amounts thus to be adjudged, we have no doubt they may be recovered under the provisions of section 3804 of the Political Code. But were it otherwise, the result would be the same. For these amounts were illegally exacted from the plaintiff as a condition of availing itself of a right given it by the state. The payments. therefore, cannot be regarded as in any sense voluntary.

We advise that the judgment appealed from be modified by inserting therein in lieu of the sum of one hundred and ninety-two dollars ($192), therein adjudged to the plaintiff, the sum of three hundred and fifty-four dollars and sixty cents ($354.60), and that the judgment as thus modified be affirmed.

Gray, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion the judgment appealed from is modified by inserting therein in lieu of the sum of one hundred and ninety-two dollars ($192), therein adjudged to the plaintiff, the sum of three hundred and fifty-four dollars and sixty cents ($354.60), and the judgment as thus modified is affirmed.

                    Lorigan, J., Henshaw, J., Angellotti, J.

Hearing in Bank denied.