[No. 3,411.]

## THE PEOPLE *v.* J. S. CONE AND THE REAL ESTATE ASSESSED.

ASSESSMENT OF LAND FOR TAXES.—An assessment of a large tract of land for taxes, under the Act of 1861, which describes the whole tract by metes and bounds, and then excepts from the tract parcels of the same which had previously been conveyed, but does not describe the excepted portions by metes and bounds, nor in any manner, except by a reference to recorded deeds, is void on its face.

COMPLAINT IN ACTION FOR TAX.—The fortieth section of the Revenue Act of 1861, which provides that a complaint, in an action to recover a tax, need not follow the description of the property as found in the assessment, only permits a different description of the property in the complaint from that contained in the assessment, but does not obviate the necessity of showing on the trial a valid assessment of the same land described in the complaint.

APPEAL from the District Court, Second Judicial District, County of Tehama.

Action to recover the sum of one thousand six hundred and eighty-nine dollars and eighty-seven cents, for the tax of the year 1870. The District Attorney, in the complaint, first described the whole tract of land by metes and bounds, and then gave a particular description by metes and bounds of each excepted parcel, as given in the deeds conveying the same, referring to the page of the record of each deed. On the trial he produced in evidence the assessment mentioned in the opinion. The defendant objected to the assessment being received in evidence; the Court overruled the objection, and the defendant excepted. The plaintiff obtained judgment and the defendant appealed.

*Charles P. Braynard* and *Creed Haymond*, for the Appellant.

Assessments must be made in strict conformity with the statute. The strictest obedience is required to every statutory direction in the mode of assessing, the manner of making the assessment roll, the form thereof, etc. If there

is any deviation from the direction of the statute, the assessment is wholly void. (*People* v. *Sneath & Arnold*, 28 Cal. 615; *Moss* v. *Shear*, 25 Cal. 46; *Kelsey* v. *Abbott*, 13 Cal. 619; *Smith* v. *Davis*, 30 Cal. 536; *Blatner* v. *Davis*, 32 Cal. 331; Blackwell on Tax Titles 84, *et seq.*; Id. 738; Id. 140–150.)

The assessment was insufficient, and was not in conformity with the statute. Section twenty of the Revenue Law (Hittel 2, p. 6169), requires that land shall be described by metes and bounds, and that the township, where situated, shall be given. (*Lachman et al.* v. *Clark*, 14 Cal. 131; *Kelsey* v. *Abbott*, 13 Cal. 609; *High* v. *Shoemaker*, 22 Cal. 371, *et seq.*; *People* v. *Pearis*, 37 Cal. 261.)

The description pretends to give certain metes and bounds. The whole tract of land comprised within these metes and bounds is assessed, "excepting therefrom that portion of about eight thousand acres, sold by Job Dye to F. W. Fratt and T. R. King," etc. This form of assessment has been many times held by this Court as void. The complaint even would have been fatally defective if it described the land assessed by giving its metes and bounds, etc., less certain lots sold out of the same, without giving the location and boundaries of the lots sold. The assessment roll does not give the boundaries of the lots sold out of the entire tract, and is therefore void. (*People* v. *Mariposa Company*, 31 Cal. 196; *People* v. *Pico*, 20 Cal. 595; *People* v. *Holliday*, 25 Cal. 304.)

*P. B. Nagle*, District Attorney of Tehama County, for the Respondent.

The complaint describes the property as being situate in Antelope Township, County and State aforesaid, etc. Section forty (par. 6189) of the Revenue Laws, under which this action is brought (see 2d Hittell's Gen. Laws), authorizes the District Attorney to make a correct description of the land than can be found in the assessment-roll. The land is sufficiently described in the complaint. Counsel for appellant refer to paragraph six thousand one hun-

dred and sixty-nine (Sec. 20, 2d Hittell's General Laws), and say the land should be described by metes and bounds.

The second subdivision of that section reads as follows, viz.: "All real estate and improvements taxable  *  *  *  *  * described by metes and bounds, or by common designation, or name," has been strictly complied within the complaint, and is as follows: "Said ranch herein assessed is variously known as the 'Dye Ranch,' 'Antelope Ranch,' 'Rancho el Primier Canon.'"

By the Court, CROCKETT, J.:

The assessment sought to be enforced in this action is void on its face. It describes by metes and bounds a large tract of land as that which is assessed; but excepts from the assessments several parcels of the larger tract which had been previously conveyed, and the excepted portions are not described by metes and bounds, nor in any manner, except by a reference to the recorded deeds. It is impossible to ascertain from the assessment, on its face, what particular lands were intended to be assessed and what excepted. In order to determine with any reasonable certainty the particular tract assessed, it would be necessary to make a laborious search of the records, and possiby to invoke the aid of a surveyor. The deeds referred to in the assessment might prove, on examination, to be so vague in the descriptive calls, as to leave it doubtful what lands they included. The assessment was made under the Revenue Act of May 17, 1861, the twentieth section of which requires that real estate situate without the limits of a city or incorporated town shall be described on the assessment-roll "by metes and bounds, or by common designation or name; * * * giving the number of acres as nearly as can be conveniently ascertained, and the location and township where situate." This assessment does not attempt to describe the land "by common designation or name;" and for the reasons already stated, it does not describe it by metes and bounds. If it be sufficient to describe the excepted portions only by reference to recorded deeds, it would be

equally competent to describe the tract assessed in the same manner; and no one, I apprehend, would claim that an assessment which described the land not otherwise than by reference to a deed of conveyance, would be valid. On the contrary, the statute requires that the description, either by common designation, or name, or by metes and bounds, shall appear on the face of the assessment-roll; so that by inspecting it, the owner and all other persons may know what particular land is assessed. This assessment is void for a failure to comply with the statute in this respect. (*People* v. *Pico,* 20 Cal. 595; *People* v. *Mariposa Co.,* 31 Id. 196.)

The District Attorney suggests that if this method of assessing large ranches, numerous parcels of which have been sold and conveyed, is not valid, it will be impossible to assess them at all. But we do not so regard it. It may impose additional labor on the Assessor; but it is certainly not impracticable to describe the whole ranch by common designation, or name, or by metes and bounds, and then except out of it the several parcels conveyed by recorded deeds, giving the metes and bounds of each parcel, as found in the deed. But if it be convenient, or even impracticable, under existing statutes, to assess lands so situated, the remedy must be sought from the Legislature.

The fatal defect in this assessment was not and could not be cured by a better description in the complaint. Section forty of the Act provides that in the complaint "it shall not be necessary to follow the description of the property as made in the assessment, and the description in the complaint shall be deemed sufficient if it can be ascertained therefrom what land and improvements, or either, is intended." The only effect of this provision is to authorize a different description in the complaint of the land assessed from that in the assessment. It is, however, none the less essential to produce a valid assessment of the same land described in the complaint. It may be differently described, but it must be the same land; and the description in the assessment must conform substantially to the statute. Otherwise the action cannot be maintained, however per-

fect the description in the complaint. There can be no re-
covery without a valid assessment.

The assessment being void on its face, the Court below
erred in holding it to be valid.

Judgment reversed and cause remanded, with an order
to the Court below to dismiss the action. Remittitur forth-
with.