[No. 3,746.]

THE PEOPLE *v.* ISAAC HYDE, E. F. NORTHAM, R. B. WOODWARD, J. S. CONE, THE ANTELOPE RANCH AND MILL COMPANY, AND THE REAL ESTATE DESCRIBED IN THE COMPLAINT.

COMPLAINT TO RECOVER TAX.—A complaint in an action to recover a tax, which alleges that a portion of the real estate assessed to the defendants belonged to other persons, does not state a cause of action.

ASSESSMENT FOR TAX.—An assessment for a tax, in which fifteen thousand and eighty acres of land are assessed by quantity and boundaries, excepting therefrom a portion thereof before sold, without a description of the excepted portion, is void.

APPEAL from the District Court, Second Judicial District, Tehama County.

Action to recover a tax.

The following is the description contained in the assessment, of the land assessed:

" Fifteen thousand one hundred and eighty acres of land, commencing at Sacramento river at the mouth of Antelope Creek; thence following the middle of said river six hundred and thirty-two and forty-nine one-hundredths chains distant in a straight line from point; thence north forty-eight and a half east, four hundred and ninety-six chains; thence south forty-eight and a half east, six hundred and thirty-two and four one-hundredths chains; thence south forty-eight and a half west, four hundred and two chains to place of beginning; excepting the portion of said rancho hereinbefore conveyed by Job F. Dye to Copeland; and also nine

hundred conveyed by the company to Sanborn and H. C. Copeland—being nine hundred acres."

The complaint described the whole tract, and then contained a description of the several parcels averred to be excepted from the general tract. First, about eight thousand acres sold by Job F. Dye to F. W. Fratt and T. R. King. Second, one hundred and sixty acres sold to D. W. Crumley. Third, about five hundred and seventy-four acres sold by said Dye to H. C. Copeland. Fourth, one hundred and sixty acres sold to W. H. Bahney. The complaint excepted three additional tracts by description, without stating that they had been sold.

The plaintiff recovered judgment for three thousand four hundred and seventy-eight dollars and forty-four cents, and the defendants appealed from the judgment, and from an order denying a new trial.

*Charles P. Braynard* and *Creed Haymond,* for the Appellants.

Assessments must be made in strict conformity with the statute. The strictest obedience is required to every statutory direction in the mode of assessing, the manner of making the assessment roll, the form thereof, etc. If there is any deviation from the direction of the statute, the assessment is wholly void. (*People* v. *Sneath & Arnold,* 28 Cal. 615; *Moss* v. *Shear,* 25 Cal. 46; *Kelsey* v. *Abbott,* 13 Cal. 619; *Smith* v. *Davis,* 30 Cal. 536; *Blatner* v. *Davis,* 32 Cal. 331; Blackwell on Tax Titles, 84 *et seq.*; Id. 738; Id. 140–150.) The description pretends to give certain metes and bounds. The whole tract of land comprised within these metes and bounds is assessed, "excepting the portion of said rancho hereinbefore conveyed by Job E. Dye to Copeland, and also nine hundred conveyed by the company to Sanborne and H. C. Copeland, being nine hundred acres."

• This form of assessment has been many times held by this Court as void. The assessment roll does not pretend even to give the boundaries of the lots sold out of the entire tract, and is, therefore, certainly void. (*People* v. *Mariposa Company,* 31 Cal. 196; *People* v. *Pico,* 20 Cal. 595; *People* v. *Holliday,* 25 Cal. 304.)

*P. B. Nagle*, District Attorney for Tehama County, for the Respondent.

The real estate is correctly described by exterior boundaries, and, if defective as to the several portions sold, that defect is supplied by the complaint. The District Attorney is authorized by 2 Hittell (Sec. 40, par. 6169), to describe the property correctly, though insufficiently described in the assessment.

By the Court, McKINSTRY, J.:

Even though it be assumed that the description contained in the assessment is sufficient, the complaint alleges that a large portion of the lands assessed to the defendants belonged, in fact, to other persons. But the attempted assessment is void. (*People* v. *Cone, ante* p. 427.)

Judgment and order reversed.