[L. A. No. 205.   Department One.—May 21, 1897.]

J. DOWNEY HARVEY, ADMINISTRATOR, ETC., RE-
SPONDENT, *v.* SAMUEL MEYER ET AL., APPELLANTS.

ADVERSE POSSESSION—PRESCRIPTIVE TITLE TO LAND—PAYMENT OF TAXES
—VOID ASSESSMENTS.—One who has held actual adverse possession of
part of a town lot originally belonging to another, for the full period
prescribed by the statute of limitations, acquires a prescriptive title
thereto without the payment of taxes thereon, if no valid assessments
have been levied thereon; and where assessments of taxes paid by the
former owner of the lot and his heirs are void for want of a proper de ·
scription of the lot in the assessments, such payments do not affect the
prescriptive title.

ID.—TAXATION— VOID ASSESSMENT OF LOT—INSUFFICIENT DESCRIPTION—
PRESUMPTION—PAROL EVIDENCE. —A description upon the assessment-
roll of a town lot, the depth of which cannot be determined from any
data given therein, is fatally defective and renders the assessment void;
nor can any presumption of fact be indulged that the lot extends in
depth to the center of the block: nor is parol evidence admissible to as-
certain what particular lot, or depth of lot, the assessor had in mind.

APPEAL from a judgment of the Superior Court of
Los Angeles County and from an order denying a new
trial.   LUCIEN SHAW, Judge.

The facts are stated in the opinion of the court.

*Max Lowenthal,* for Appellant.

From the time when defendant took possession of the
property in October, 1876, up to and including the year
1885, he paid all the taxes assessed to himself thereon,
and has title by adverse possession. (*Cavanaugh* v.
*Jackson,* 99 Cal. 672.)   There was no valid assessment
to Downey or his heirs, as the description of the prop-
erty assessed was fatally defective. (*Kean* v. *Cannovan,*
21 Cal. 291; 82 Am. Dec. 738; *People* v. *Pico,* 20 Cal.
596; *Lachman* v. *Clark,* 14 Cal. 131; *People* v. *Mahoney,*
55 Cal. 286; *Lake County* v. *Sulphur Bank etc. Co.,* 66
Cal. 17; *People* v. *Flint,* 39 Cal. 670; *Olsen* v. *Bagley,* 10
Utah, 492; *Power* v. *Bowdle,* 3 N. Dak. 107; 44 Am. St.
Rep. 511; *Greene* v. *Lunt,* 58 Me. 519; *Detroit Y. M. Soc.*
v. *Mayor etc.,* 3 Mich. 172; *People* v. *Mariposa Company,*
31 Cal. 196.)

*White & Monroe,* for Respondent.

The adverse possession by the defendant was not made out, as he had not paid the taxes during the time of his alleged possession. (Code Civ. Proc., sec. 325.)

GAROUTTE, J.—The plaintiff claiming title to certain real property, and out of possession, brought this action under section 738 of the Code of Civil Procedure to quiet his title and secure possession. Judgment went against defendant, and he appeals therefrom, and also from the order denying a motion for a new trial.

The title to the parcel in dispute was originally in plaintiff's intestate, John G. Downey, and now rests in his heirs, represented in this action by the above-named administrator, unless a new title has been created in defendant by adverse possession for the statutory period. Defendant's title is dependent solely upon the question of the payment of taxes upon the land in controversy, he having been in exclusive possession of the same under a claim of right for a term longer than that required by the statute.

In the year 1876 defendant became the owner of a tract of land fronting seventy-eight feet, more or less, upon Main street, in the city of Los Angeles, and extending in depth to the center of the block about one hundred and sixty-five feet. J. G. Downey, plaintiff's intestate, at the same time was the owner of a tract of land fronting seventy-eight feet, more or less, upon Spring street, and extending in depth to the center of the aforesaid block. These two streets are parallel to each other, and form the eastern and western boundary lines respectively of the block. The two lots of these respective owners abutted on each other at the rear. When defendant entered into possession under his deed, in the year 1876, he took actual possession of some thirty feet in depth of the rear portion of Downey's lot, and this small tract constitutes the land in dispute.

It is conceded that defendant has title if he has complied with the statute of 1878 as to the payment of taxes.

In this regard he claims that he has paid all the taxes assessed and levied against this tract since the year 1878; and further insists that if he has not paid such taxes the reason is found in the fact that none were assessed and levied. This contention brings us directly to a consideration of the evidence upon that question. The taxes assessed and levied in the years 1879, 1880 and 1881 are the first to become material, and at that time the tract in dispute, marked "A," and its immediate surroundings are substantially pictured as follows:

Defendant entered into possession in October, 1876. His title by adverse possession would have become perfected in October, 1881, if all taxes assessed and levied in the interim had been paid by him. It is not shown that he paid the taxes upon this land during any of the five years between 1876 and 1881. But it does affirmatively appear that in the year 1881 he only paid the taxes which were assessed and levied upon the following described tract, and by such description it is evident that the tract in litigation was not included therein.

This tract is described as follows: "Lot fronting seventy-eight by one hundred and sixty-five feet, west side of Main street, bounded north by K. Hunter, south and west by J. G. Downey." By reason of his failure to pay the taxes upon the tract in dispute for the year 1881 he acquired no title prior to that date, if taxes were assessed and levied upon it at any time during that period.

If taxes were assessed and levied upon this tract during the years 1879, 1880 and 1881, they were assessed and levied upon an assessment to J. G. Downey. The state and county assessment and also the city assessment to Downey were practically the same during these years, and the land so assessed was described upon the assessment-roll as follows: "Lot fronting seventy-eight feet, east side of Spring street, between Third and Fourth streets, bounded north by Hunter, south by Morsch." If the land in controversy is included in this description, then the defendant fails in his claim of title, for the taxes levied and assessed upon such assessment were paid by Downey. But defendant now insists that this assessment to Downey is void upon its face, and therefore no assessment, by reason of the description therein set forth being so vague and indefinite as to be meaningless. We agree with this contention and hold the assessment to Downey absolutely void. Upon its face the description found upon the assessment-roll describes nothing. It only attempts to give three boundary lines. It is impossible to determine either the form or area of the tract covered by the description. Neither could expert persons go upon the ground and locate the tract. The lot has a frontage of seventy-eight feet upon Spring street, between Third and Fourth streets, and is more definitely described as being situate between the lands of Hunter on the north and Morsch upon the south. All these matters but serve to locate the particular frontage upon Spring street. They do nothing more. There is no way of determining the depth of the lot. If a definite boundary line of some kind were fixed upon the east side of the tract the de-

scription would be complete; but there is none. Conceding, for present purposes only, that the boundary upon the south by Morsch's land is sufficient to establish that the Downey tract extended east upon its south side the full length of the Morsch tract, still such cannot be held with reference to the north line, for there we find the Hunter tract extending the entire width of the block. It is therefore impossible to say at what point upon Hunter's south line the Downey tract ends. There is no way of ascertaining from the assessment, even when taken in connection with the lay of the land as disclosed by the plat, whether Downey's north line is five, ten or fifty feet in length. Hence the boundary by "Hunter" upon the north wholly fails to serve the purpose of creating a boundary line. At the most, we then have but two sides of the tract described, to wit: the west and the south. Such a description is fatally defective, and an assessment based thereon wholly void. It is claimed by respondent that in the absence of evidence to the contrary Downey's "lot" is presumed to extend to the center of the block. It is clear that the word "lot" as used in the assessment is synonymous with tract, piece or parcel; and certainly there is no presumption of fact whatever as to the depth of such a lot. Neither are we justified in seeking by parol evidence to ascertain what particular tract or lot the assessor had in mind when making the assessment. It becomes unnecessary to pass upon the remaining questions raised by appellant.

Judgment and order reversed.

HARRISON, J., and VAN FLEET, J., concurred.

Hearing in Bank denied.