## KNIGHT v. FAIRLESS.

### (No. .1942, Decembr 7, 1917.)

#### SYLLABUS BY THE COURT.

1. Counties purchasing tax sale certificates at tax sales are purchasers within the meaning of the statute, by virtue of the provisions of section 23, c. 22, Laws 1899; hence the owner can only redeem from the county by paying to the collector the amount of purchase money, with the specified interest and costs, within three years.          P. 482

2. Where property is assessed in the name of one not the owner thereof, by a correct description, and the taxes thereon are not paid, and the property is sold for such taxes, and a tax deed is issued therefor, the rightful owner of the property cannot defeat such sale by evidence that the owner returned the same under a blanket assessment which gave no intimation as to the property listed, or its description, where the duty is cast upon the owner by statute "to see that such property is properly listed for taxation on the assessment the duty is cast upon the owner by statute "to see that such a description as will serve to identify it; the statute also

providing that the sale of propery for delinquent taxes shall not be, invalidated by reason of the property being listed in the name of the wrong person.                                    P. 483

Appeal from District Court, Otero County; Leahy, Judge.

Action to quiet title by Eli Knight against Rhoda Fairless. Judgment for defendant, and plaintiff appeals. Af-See, also, 22 N. M. 367, 161 Pac. 1110.

J. L. Lawson, of Alamogordo, for appellant.

Tax deed must recite previous proceedings.

Wall v. Kaighn, 144 Pac. 1100; 37 Cyc. 1438; Foster v. Gray, 133 Pac. 147; Empire R. & C. Co. vs. Howell, 129 Pac. 521; Jones v. Empire Ranch and C. Co., 138 Pac. 62; Rush v. Lewis, 93 Pac. 943.

"Where the recitals show a sale to the county, the deed must contain recitals to show right of the county to purchase at such tax sale; and if the recitals of the tax deed show the county to be a competitive bidder, such recitals render the tax deed void."

Kramer v. Smith (Okla.), 100 Pac. 532.

See also the same effect:

Empire Ranch Co. v. Saul, (Col.) 127 Pac. 123; Foster v. Gray, 133 Pac. 146; Wall v. Kighn, supra; Lawrence v. Murphy, 147 Pac. 903; Thompson v. Roberts, 92 N. W. 1079; Reckitt v. Knight, (S. D.) 92 N. W. 1077.

Recitals in a deed that the sale was regular, where in fact irregular and void, are not conclusive, a statutory provision to the contrary notwithstanding.

Skelton v. Sharp, 161 Ind. 383, 67 N. E. 535; Rickett v. Knight, 92 N. W. 1077.

Payment may be proved by any competent evidence. sufficient to satisfy the court or jury.

Black on Tax Titles, 159; Cooley on Taxation, 452; Adams v. Beale, 19 Iowa 61; Hammond v. Hannihan, 21 Mich. 374; Davis v. Hare, 32 Ark. 386; McDonough v. Jefferson, 79 Tex. 535; 37 Cyc. 1167-8 Ca. Ci.

To *establish* a *lien* for taxes on realty and to sustain proceedings for forfeiture or sale for non-payment of the tax, it is necessary that the assessment shall containing a description as will identify the land.

See, 37 Cyc. p. 1052; see, also, Black on Tax Titles, Sec. 112.

E. R. Wright, of Santa Fe, for appellant.

A complete answer to appellant's contention concerning the validity of the tax title is answered in Straus v. Foxworth, 16 N. M. 422, and Daughtry v. Murray, 18 N. M. 35.

If property was not correctly described it was the tax payer's fault and he cannot be heard to complain.

San Francisco v. Blood, 64 Cal. 504; 37 Cyc. 1071; Harvey v. Myer, 48 Pac. 1014.

## OPINION OF THE COURT.

ROBERTS, J.  Appellant, in the court below, sought to quiet title to hortalizas 62, 63, 70, 71, 82, 90, 91, and 100, and lots 1, 2, 3, and 4 of block 22 of the town of Tularosa, Otero county, as against the appellee, and Irby L. Fairless, since deceased.  As whatever title Irby L. Fairless had in the property vested in appellee, she alone is interested in sustaining the judgment of the district court. Appellant claimed under certain deeds of conveyance but was not able to trace title to the government.  Appellee claimed under a tax deed, issued by the treasurer of Otero county.  It appears that the property in controversy had been sold to the county of Otero in the year 1914 for certain delinquent taxes for the year 1902.  The tax sale certificate was sold to Irby L. Fairless and the appellee by the county treasurer, in 1911, and subsequently a tax deed was issued to them by the county treasurer.  The sale of the property for taxes was under an assessment made in the name of J. F. Milner, who formerly owned the property, but apparently the title had passed to other parties prior to the time the assessment was made.  The taxes amounted to more than $25.  In 1902 the record

shows that a man named Lee owned an interest in the property. Subsequently Cox and Moore conveyed each a one-third interest in the property, but when or how they derived title, if such they had, does not appear. In the year 1902 the agent for Cox, Lee and Moore made a tax return as follows: "Cox, Lee and Moore, total value of town lots, water rights, real estate, lots, etc., in Tularosa, $6,500." This was placed upon the tax rolls by the assessor as follows:

"Cox, Lee and Moore, total value of town lots, water rights, real estate, lots, etc., in Tularosa, Receipt No. 1597, 1902, $6,500, value of land and improvements fixed by assessor approved by county commissioners and fixed as final assessed valuation. Total taxes $222.55, penalty $5.56."

Upon the trial appellant offered to show that the real estate in question was intended to and was included in such general return. The court refused to admit the offered evidence, and made findings of fact, in which it found that the taxes upon the real estate included in the tax deed, save hortalizas 82 and 91, had not been paid, and upheld the validity of the tax deed. Appellee was decreed to be the owner of all the real estate except hortalizas 82 and 91, title to which was adjudicated to be in appellant. From this judgment this appeal is prosecuted.

Many of the questions presented by appellant have been disposed of by this court in the recent case of Maxwell v. Page, 23 N. M., 168 Pac. 492, decided at the present term, and require no further consideration. This is true of the first five propositions argued by appellant.

[1] The first point which requires consideration is as to whether or not counties purchasing at a tax sale are in the same position as other purchasers in so far as the right of redemption is concerned by the owner. Appellant offered to show that in July, 1911, he tendered to the county treasurer the taxes, penalty, and interest due upon lot or horaliza 100. The property was sold for taxes for the year 1902. Sale was made to the county on April 26, 1904. The three-year redemption expired on April 26, 1907. If title to the property had vested in the county prior to July, 1911, certainly appellant had no right to

redeem unless such right was specifically conferred by
statute. This matter is settled by section 23, c. 22, Laws
1899, which was in force during the periods named. This
section provides for the purchase by the county where
the property is not sold to other bidders, and provides:

"Counties purchasing at tax sales shall be deemed pur-
chasers within the meaning of this act."

The same section provides:

"But the former owner shall have the right to redeem the
the same at any time within three years from the date of
sale by paying to the collector then in office for the use
of the purchaser the amount of purchase money with interest
at the rate of 1½ per cent. per month from the date of such
sale," etc.

In view of this statute the former owner had no right to
redeem from the county after the three-year period of re-
demption had expired.

[2] The remaining questions all involve the same
general propositions and may be stated as follows: Where
the owner of real estate fails to list the same with the
county assessor by proper description sufficient to identify
the same, and such property is correctly and properly de-
scribed in the name of some other person, under which
correct description the taxes are not paid and the prop-
erty is sold for such delinquent taxes and a tax deed is
issued upon such certificate of sale, can the owner, by
parol evidence, show that such property was included, or
intended to be included, in a general return made by
him, or by any incorrect description which did not serve
to identify the property and by so doing defeat the tax
deed? As to certain of the real estate involved here, ap-
pellant offered to show, as hereinbefore set out, that the
property was returned for taxes by the agent of Cox, Lee
and Moore under the general designation of "total value
of town lots, water rights, real estate, lots, etc., in Tula-
rosa." Certain others of the lots were incorrectly described,
if, in fact, any attempt was made to return them in the
name of other parties. The court refused to permit ap-
pellant to introduce evidence as to the intention of the

parties who made such general return. We have been
unable to find any cases directly in point on this propo-
sition. The statute (section 25, c. 22 Laws 1899) pro-
vided:

"Sec. 25. It is hereby made the duty of every person, firm
or corporation, owning or having any interest, legal or equit-
able, in any real estate or other property in this territory, on
the first day of March of any year, to see that such property
is properly listed for taxation on the assessment roll for such
year in the county in which the same is situated; and if
such property is described in the assessment roll and delin-
quent tax list for any year by such description as will serve
to identify the same, the sale of such property for taxes as
provided in this act shall not be void or set aside on account
of any error or irregularity in listing the same upon such roll
or list either as to the name or names of the owners thereof.
or by reason of its being listed in the name of the wrong
person."

From the above statute it will be observed that the Leg-
islature has cast the duty upon the owner of report-
ing his real estate for the purpose of taxation and
"to see that such property is properly listed for
taxation on the assessment roll for such year," etc.
Concededly the taxpayer or taxpayers in the pres-
ent case failed to discharge the duty cast upon them by
the statute. Apparently the real estate had been listed
theretofore in the name of Millner, and the assessor, in the
absence of evidence to the contrary, continued to list the
real estate by correct description in the name of such
former owner. That it was not the duty of the assessor
to search the records of the county to ascertain the cor-
rect name of the owner of real estate was settled by this
court in the case of Daughtry v. Murry, 18 N. M. 35, 133
Pac. 101. In 1 Cooley on Taxation (3d Ed.), it is said:

"There can be no doubt about the power of the Legisla-
ture to impose upon the owner of property the personal duty
of reporting it for the purpose of taxation in any form or
manner it may be deemed best."

If it were permissible for an owner of property, under
a statute which makes it his duty to see that his property
is properly listed for taxation and to make a return there-
of for such purpose, to make a general return which gives

no clue or indication as to what property he intended to
list, and by so doing defeat a tax sale of any part of real
estate which he might own, correctly listed as to descrip-
tion in the name of some other person, the door to fraud
and evasion of taxes would be thrown open.    Here appel-
lant seeks to profit or to take advantage of the failure of
the owner of the property to discharge his statutory duty.
This he cannot do.   The general return made by the owner
might have included one lot or all the real estate in the
taxing precincts so far as appears from the returns.    The
same character of question was before the Supreme Court
of California in the case of San Francisco v. Blood, 64
Cal. 504, 2 Pac. 264, wherein the court said:

"Whether the description was furnished by the taxpayer, or
was made by the assessor, the taxpayer having failed to fur-
nish a list, the complaint of the taxpayer in regard to it
should not be regarded.  In our opinion it is the duty of the
taxpayer to furnish a true and correct list of his taxables
to the assessor, and, if he fails to do so and any loss should
result to him in consequence of such failure, his complaints
on such score would meet with no favor in a court of jus-
tice."
"Parol evidence, however, may be admitted for the purpose
of explaining descriptive matter in the assessment list or
applying it to its intended object, provided the list itself
furnishes an unmistakable clue for the application of such
testimony."   37 Cyc. 1071.

An examination of the authorities cited to this propo-
sition and to the general propositions stated in the same
paragraph of Cyc. shows that the question usually before
the court for decision has related to matters other than
the description of property.   There are a few cases to be
found (some of them being cited in appellant's brief)
where it has been permitted to show that two descriptions
appearing upon the tax rolls are in reality the same prop-
erty, thereby showing a double assessment.   But no case
can be found, so far as our research has developed, where
a taxpayer, by mere word of mouth, has been permitted
to manufacture a complete description.   The description
upon the tax roll must of itself furnish the clue.   Even
the taxpayer cannot by his mere word vary or contradict
the particulars set forth in the assessment roll.   37 Cyc.

1071.   The only case we have been able to find that is in point in principle is the case of Harvey v. Meyer, 117 Cal. 60, 48 Pac. 1014.  In this case the owners of the title out of possession brought suit to quiet title.  The defendant claimed a new and paramount title under color of title, payment of taxes, and possession for the statutory period. The question in the cause was as to the payment of taxes by the defendant for one year during the statutory period. The plaintiff claimed to have paid the taxes for this particular year, and the defendant claimed that there were no taxes assessed for that particular year, because the description under which the plaintiff claimed to have paid the taxes was so defective that the assessment as made did not include the lands in question.  Upon the trial of the case an attempt was made to prove by parol what was in the mind of the assessor when he made the assessment. In other words, what land did he intend to include in the defective description.  The court held the description defective, and sustained the trial court in refusing to permit oral testimony to show the intention of the assessor when he made the assessment.  If the rule announced by the California court is sound, can the taxpayer, upon whom is cast the specific duty of furnishing a list and description of his property, and who actually made the defective return, be heard to say what was in his mind at the time he made the defective return?  Shall secret intent be the rule of action in tax matters?  If so, what is the necessity of statute law or even of the courts?

Our conclusion is that the court properly refused to permit appellant to show that the real estate in question was included, or intended to be included, in the blanket assessment.

Some questions are discussed by appellant in his brief not covered by the assignment of error, and, of course, are not before the court for review.  Appellee raises some practice questions which, were they considered, might prevent a review of the case on its merits, but in view of our conclusion, it becomes unnecessary to consider them.

For the reasons stated, the judgment of the trial court will be affirmed, and it is so ordered.

HANNA, C. J., concurs. PARKER, J., being absent, did not participate.

### SYLLABUS BY THE COURT.

