[Civ. No. 4187. Second Appellate District, Division One.—April 4, 1924.]

## H. B. HUNT, Appellant, v. ALAMITOS LAND COMPANY (a Corporation), et al., Respondents.

[1] QUIETING TITLE — NONEXISTENCE OF DESCRIBED PROPERTY — EVIDENCE—FINDING—JUDGMENT.—In this action to quiet title to a certain lot described in the complaint as being a given numbered lot of a designated numbered block of a survey of a certain tract, the trial court having found from sufficient evidence that there was no such property as that described in the complaint, that finding was binding upon the appellate court; and there being no such property, a decree quieting plaintiff's title thereto could not be granted.

[2] ID. — FILING OF MAPS — ESTOPPEL — FINDINGS. — In such action, plaintiff's contention to the effect that an estoppel against defendants existed by reason of the fact that defendant had caused a

map of the property to be filed which showed it as being the lot and block designated in plaintiff's complaint was disposed of by the finding of the trial court contrary to plaintiff's contention, there having been no map which showed such lot and block.

[3] ID. — ASSESSMENT OF PROPERTY — ERRONEOUS DESCRIPTION — EVIDENCE — APPEAL — ESTOPPEL. — On appeal from the judgment in favor of the defendants in such action, the contention that because in a certain year defendants caused the property in question to be returned for assessment purposes under the description used by plaintiff they were estopped to claim that in reality the description should have been something different is without merit where the record fails to disclose any evidence of or any stipulation to that fact; but assuming its existence, the elements of estoppel were lacking.

(1) 32 **Cyc.**, pp. 1355, 1380.   (2) 4 **C. J.**, p. 877, sec. 2853. (3) 21 **C. J.**, p. 1120, sec. 122.

APPEAL from a judgment of the Superior Court of Los Angeles County. J. P. Wood, Judge. Affirmed.

The facts are stated in the opinion of the court.

J. Irving McKenna and Catherine A. McKenna for Appellant.

Denio & Hart for Respondent.

Charles E. Williams for Defendant R. I. Meehan.

HOUSER, J.—In this action plaintiff sought a decree quieting title as against the several defendants as to a certain lot described in the complaint as lot 4 of block 82 of a survey of a certain tract. The defendants answered and set up a cross-complaint against plaintiff in which it was prayed that the title to apparently the same property, but described as lot 4 of block Z of another survey of the same tract, be quieted as against plaintiff. Judgment went for the defendants on their cross-complaint, and plaintiff appeals therefrom.

Plaintiff claimed through certain mesne conveyances originating in a tax deed, and the defendants claimed as owners both prior to and subsequent to the date of the tax deed. The identity of the property itself was not in dispute. The difficulty consisted only in a determination of whether or not it was lot 4 of block 82, or lot 4 of block Z.

Some years before the litigation here involved was instituted a decree had been granted by the superior court quieting title to plaintiff's predecessor in interest as against these defendants in lot 4, block 82. Three or four years later an attempt was made to modify that decree by changing the description of the property therein described so that it would apply to lot 4 of block Z. However, it was conceded on the trial that such amended judgment was invalid and of no effect. It appears that the tract which included the property here in question had been the subject of several different surveys and resurveys, each of which had been placed of record by the defendants. This particular lot 4 was triangular in shape and was separated from any other lot or block by a street on each of two of its sides, and on its remaining side by the right of way of the Pacific Electric Railway Company. An examination of one of the surveys shows that before the Pacific Electric Railway Company acquired its right of way, lot 4 of block Z was a large lot, which later, possibly by reason of part thereof having been taken for such right of way, was reduced in size and became of the triangular shape. One of the witnesses, who was a surveyor by occupation, testified at the trial that "the lot 4 of the unnumbered block in Map Book 5, page 55, lies in the same position as the southwesterly portion of lot 4, block Z, on the map shown on Miscellaneous Records 43, page 9 and 10." There was nothing to indicate that this piece of property ever had been a part of block 82, and it is separated therefrom by a street which, according to the map, is over sixty feet in width.

[1] On the evidence the trial court found that there was no such property described as lot 4, block 82, and that said block 82 consists only of three lots, numbered 1, 2, and 3; that said block 82 was separated by a public street known as Obispo Street from lot 4, block Z, the property affected by this action, and that said lot 4, block Z, is correctly described as a triangular lot marked 4, bounded on the west by the easterly line of Obispo Street, on the south by the northerly line of Second Street, and on the northerly and easterly side by the southerly line of the Pacific Electric Railway right of way. That this court is bound by the findings of the lower court, which are sustained by the evidence, is so well settled as to require no citation of cases

to support the statement. There being no such property as lot 4, block 82, it would follow that a decree quieting title to property under such a description of it could not be granted.

[2] One of the contentions of appellant is to the effect that an estoppel against defendants existed by reason of the fact that defendants had caused a map of the property to be filed which showed it as being lot 4 of block 82. But that contention is disposed of by the finding of the court contrary to plaintiff's contention. There was no map which showed a lot 4 of block 82.

[3] Appellant also urges that because in a certain year defendants caused the property in question to be returned for assessment purposes under the description of lot 4, block 82, defendants were thereby estopped to claim that in reality the description should have been lot 4 of block Z. The attention of the court has not been directed to either any evidence of or any stipulation to that fact, and defendants deny that either exists. While it is not incumbent upon this court to search the record therefor, our investigation has failed to disclose the fact upon which the contention of appellant for such estoppel must be founded. However, even assuming its existence, the elements of estoppel are lacking to such an extent that we are unable to agree with appellant upon the point itself.

No error appearing, it is ordered that the judgment be and the same is affirmed.

Conrey, P. J., and Curtis, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on May 2, 1924.