[Civ. No. 8220. First Appellate District, Division Two.—February 23, 1932.]

LOS ANGELES MOUNTAIN PARK COMPANY (a Corporation), Respondent, v. FRANCISCA SEPULVEDA BURROWS, Appellant.

James Westervelt for Appellant.

Goudge, Robinson & Hughes, Overton, Lyman & Plumb and David A. Sondel for Respondent.

STURTEVANT, J.—This is an action in ejectment. The trial court made findings in favor of the plaintiff and from the judgment entered thereon the defendant Francisca Sepulveda Burrows has appealed, and has brought up typewritten transcripts.

On the trial the plaintiff introduced documentary evidence consisting of deeds showing on their face a chain of paper fee title back to Arcadia de Baker in 1897. The plaintiff also introduced evidence that it had paid all of the state and county taxes for the years 1914–1927, both years inclusive. The foregoing facts were not controverted. In the presentation of the plaintiff's case and also in the presentation of the defendant's case, evidence was introduced showing that the defendant Francisca Sepulveda Burrows, on September 26, 1922, entered upon the lands in dispute and took possession of at least a part thereof. She continued to hold such possession down to February 27, 1928, the date this action was commenced. There was evidence that no taxes or local assessments upon the property were paid by the defendants or any of them. Neither were these latter facts controverted. If the taxes levied during the period September 26, 1922, until February 27, 1927, were void, then the judgment should be reversed because the defendant was not bound to pay them in order to perfect her title acquired by adverse possession. (*Harvey* v. *Meyer,* 117 Cal. 60 [48 Pac. 1014].) If the taxes were not void the judgment should be affirmed unless the trial court erred in the admission or exclusion of evidence. No other questions are presented by the record.

The defendant contends that the taxes levied during the period of her possession were void. This contention rests on the claim that the assessments and the maps on which said assessments were based are so defective that they do not identify the land assessed. The defendant cites and relies on *Smith* v. *City of Los Angeles,* 158 Cal. 702 [112 Pac. 307]. The plaintiff contends that it introduced evidence showing that the rule in the Smith case should not apply in this case. That contention brings us to a consideration of the evidence as to how each assessment was made up.

There is contained in the transcript a photostatic copy of each assessment and a photostatic copy of each map hereinafter referred to. On the assessment list the land was described as block 2, Santa Monica Land and Water Company tract, as per book 78, pages 44–49 of Miscellaneous Records, Los Angeles County. Turning to that book, on page 44, there are two maps of the property. On pages 46–49 the property is mapped in sections. The entire tract is called Santa Monica Land and Water Company tract on some maps, and on others it is called San Vicente y Santa Monica. Each map has on it certain notations such as "C. S. 8114". There was testimony that C. S. 8114 was an abbreviation for county surveyor map 8114. County surveyor map C. S. 8114 has on it many notations tying the entire tract into the congressional subdivisions and into adjacent tracts. Lot 2 appears in the northwest corner of the tract as set forth on each of those maps. At the northwest corner of the tract a concrete monument, duly inscribed, was set in 1914. A clerk from the assessor's office produced volume 270, Assessor's Map Book. Page 1 is an index map. It purports to be a copy of the map in book 78, page 44, Miscellaneous Records. At least one engineer testified that with this map before him there would be no trouble in locating lot 2 except as we will now note. As stated above, the map recorded in book 78 at pages 44–49, appears in four parts. On the part appearing at page 46 is an annotation "Block lines are identical with section lines." One witness stated that such annotation rendered the map uncertain because the congressional lines had not been run and marked. From the questions asked by the trial judge and the answers of the witness, it is clear the court was not impressed with the theory propounded by the witness. Neither is this court. The map being clear in other respects, calls for adjoiners were not conclusive. That is particularly true when such calls refer to adjoiners not definite. (9 C. J. 221 and 282.) In connection with the foregoing testimony the defendant produced maps from the interioir department. They are not helpful. They are not referred to in any of the maps above mentioned. Nor do they contain any cross-references to the maps mentioned in the assessments. No witness testified that he had run the

section lines and that they did not coincide with the division lines as marked on the map book 78, pages 44–49.

The defendant makes five several attacks on the rulings made by the trial court in admitting or excluding evidence. She merely states the page of the reporter's transcript where the ruling was made. She does not quote the record, she does not state her reasons, and she does not cite any authorities. Courts of review will not undertake to supply these deficiencies for the purpose of reversing a judgment. However, we may state that we have read the transcript from cover to cover and that we find no error. The trial court was most patient and painstaking throughout the trial.

The judgment is affirmed.

Nourse, P. J., and Spence, J., concurred.