[Civ. No. 7319.   Third Dist.   June 11, 1947.]

JOHN S. SINAI, Respondent, v. A. M. MULL, JR.,
Appellant.

Mull & Pierce for Appellant.

T. L. Chamberlain for Respondent.

THOMPSON, J.—This is a suit to quiet title to a fraction of lot 60, block I, of Tahoe Vista Subdivision, in Placer County, California. It is described in the complaint by metes and bounds. Plaintiff's title was acquired in 1933, by deed which was recorded in volume 270 of deeds, page 173, Placer County Records. The defendant purchased at tax sale from the State of California, May 17, 1944, for $110 the "Fraction of lot in Tahoe Vista Sub'd. fr. 60, Block I (Eye) and improvements, described in Book 270, page 170, Placer County Records." The last mentioned deed, referred to for a particular description, designated 29 separate lots in the tract, including lot 60, belonging to The Sherman Company, but utterly failed to segregate or describe any fraction of any such lots. The deed to which reference was made did not purport to describe plaintiff's fraction of said lot 60, or any other fractions of lots. It was impossible to determine from that description what portion of said lot the plaintiff subsequently acquired. The levy of taxes, notice of delinquency and sale, and deed to the defendant each failed to describe the fraction of lot 60 which the plaintiff owned. The court adopted findings favorable to plaintiff and quieted title in him to his fraction of that lot, subject to payment to the defendant of taxes, penalties and costs incurred, in the sum of $136.68. Judgment was rendered accordingly. From that judgment this appeal was perfected.

The evidence shows that The Sherman Company owned said 29 lots, including lot 60, in 1931. Without specifying any particular portion of said lot 60, an uncertain and indefinite fraction thereof was assessed and sold to the State of California for delinquent taxes which accrued in 1931. It was sold to the state in 1932, but the deed of conveyance was not executed until July 1, 1938. The plaintiff purchased his portion of lot 60, in 1933, by deed which was recorded in book 270 at page 173, Pacer County Records. After notice to plaintiff of sale for delinquent taxes, served April 25, 1944, which notice contained the erroneous description and reference to book 270, page 170, Placer County Records, and without any designation of plaintiff's fraction of the lot, it was sold and conveyed to the defendant May 17, 1944, for the sum of $110. That deed to the defendant also failed to designate the fraction of said lot which was thereby conveyed. It failed to refer to the book and page of the Placer County Records where plaintiff's land was described.

In the notice of assessment, notice of sale, and all proceedings, including the deed to the defendant, the description of the portion of the lot sold was so insufficient and inaccurate that it was impossible to determine what fraction of the lot was assessed or sold. The notice of sale stated that lot 60 was assessed to The Sherman Company in 1931 and 1932, to Beulah Morgan in 1935 and 1936, and to John A. Sinai in 1937 to 1943, inclusive. It is true that, subsequent to the sale, the plaintiff was issued two Certificates of Redemption on the Installment Plan, for payment of delinquent taxes on his fraction of lot 60, block I, with proper reference to his deed in book 270, page 173, Placer County Records. But those certificates are immaterial since they did not affect the sale of the property.

The defendant contends that the errors in the descriptions of the property which occurred in the levy, in the notice of sale and in the deed are not jurisdictional in their nature, and that the failure to designate the fraction of said lot is cured by the validation acts of 1943 and 1945. (Stats. 1943, p. 1993, ch. 458, and Stats. 1945, p. 2176, ch. 1134.) It is also claimed for the first time on this appeal that the plaintiff is estopped from denying the validity of the proceedings of assessment and the deed of conveyance to the defendant, because he must be presumed to have supplied the assessor with a statement of taxable property as required by section 3629 of the Political Code, containing the deficient description of his fraction of said lot 60, and that the plaintiff subsequently had knowledge of delinquent taxes on his property.

We are of the opinion the findings and judgment are adequately supported by the evidence. The description of the property appearing in the tax proceedings and deed to the defendant is fatally defective. It is indefinite and uncertain. It is impossible to determine what portion or ''fraction'' of lot 60, block I of Tahoe Vista Subdivision was vested with a tax lien. The references in the tax levy, the notice and the deed to a *fraction* of lot 60, block I of Tahoe Vista Subdivision, as ''described in Book 270, page 170, Placer County Records,'' throw no light on the subject. That description covers twenty-nine designated lots in block I, belonging to The Sherman Company, including lot 60. No fractions of lots are mentioned in that description.

It is the invariable rule that a levy of assessment on real property must describe the land with sufficient particularity

to identify the portion sought to be assessed with certainty, or it is wholly void. (Rev. & Tax. Code, § 602; *Stewart* v. *Atkinson,* 96 Cal.App. 50, 55 [273 P. 606]; *Harvey* v. *Meyer,* 117 Cal. 60, 63 [48 P. 1014]; *Smith* v. *City of Los Angeles,* 158 Cal. 702, 707 [112 P. 307]; *Palomares Land Co.* v. *County of Los Angeles,* 146 Cal. 530, 536 [80 P. 931]; 24 Cal.Jur. 190, §§ 176, 177; 61 C.J. 721, § 889g; Black on Tax Titles, 2d ed., p. 146, § 115.) With relation to the necessity of designating the particular part or fraction of lots or land sought to be assessed, it is said in 61 Corpus Juris at page 721, that:

"If the property intended to be assessed is but a part of a larger tract this fact must be made to appear on the assessment roll for a description of the larger tract alone is not a sufficient description of its parts. Also the particular part intended must be so described and identified that it can be located and separated from the whole, and, except where a more definite description is impossible, a description of land simply as part of, a certain number of acres in, or a certain number of feet of, a specifically designated larger tract is an insufficient description and renders the assessment void."

The foregoing text is supported by numerous California authorities.

In the Stewart case, *supra,* which was a suit to quiet title to real property, where a levy of taxes was made, and the land was sold for delinquent taxes to the state by deed describing it merely as "one-half of Lot 12, Block 132" of Carmel-by-the-Sea, in Monterey County, it was said:

"As to the description contained in the assessment and tax deed with respect to the one-half of lot 12, block 132, assessed to defendant Nettie E. Wagner, who it is conceded was the owner of the south one-half of such lot, and which was assessed and deeded as 'one-half of Lot 12, Block 132,' we think the description is void for uncertainty in that it cannot be ascertained from the description which half of the lot is attempted to be described. In *Harvey* v. *Meyer,* 117 Cal. 60 [48 P. 1014], the court lays down the rule in tax proceedings that no presumption of fact may be indulged in as to the size, location or extent of a lot, nor is parol evidence admissible to ascertain what particular tract or lot the assessor had in mind when making the assessment. An assessment so indefinite and uncertain as to render it impossible to determine what part of the land was intended to be assessed—what particular half of a lot—is invalid."

In the present case only a "fraction" of the lot in question was assessed or sold for delinquent taxes. It is utterly impossible to determine what portion was sought to be assessed or conveyed. Both the levy and the deed are therefore void for uncertainty.

■ The description of a fraction of a lot or parcel of land, in a levy of assessment, notice of sale for delinquent taxes, or deed of conveyance, which is so uncertain and indefinite that it is impossible to determine what portion of the land is assessed or sold, constitutes error, jurisdictional in its nature, which cannot be cured by a validating statute. The Legislature has no power to validate the taking of property without due process or notice to the owner. That would amount to the taking of property without due process, which is prohibited by the constitution. ■ The Legislature may not validate proceedings for the sale of real property which are void from the inception for lack of jurisdiction. (*Miller* v. *McKenna,* 23 Cal.2d 774, 782 [147 P.2d 531] ; *People* v. *Holladay,* 25 Cal. 300, 310; *People* v. *Van Nuys Lighting Dist.,* 173 Cal. 792, 797 [162 P. 97, Ann.Cas. 1918D 255] ; 51 Am.Jur. 678, § 737; 140 A.L.R. 980, n.) It is true that mere errors in the proceedings of a tax levy, in the sale for delinquent taxes and in the deed of conveyance of real property therefor, which are not jurisdictional in their nature, will be cured by the validating acts. (Stats. 1943, p. 1993; Stats. 1945, p. 2176; *Miller* v. *McKenna, supra*; *Chambers* v. *Duvall,* 26 Cal.2d 139 [156 P.2d 921] ; *City of Compton* v. *Boland,* 26 Cal.2d 310 [158 P.2d 397] ; *Barrett* v. *Brown,* 26 Cal.2d 328 [158 P.2d 567].) In the Miller case, *supra,* in which a judgment for the defendant was reversed on appeal, the Supreme Court held that the validating act of the Legislature could not have the effect of depriving plaintiff of his property "without due process of law and thus by a mere legislative rescript pronounce as valid a deed which was void when it was made, . . . and thereby transfer the title of the plaintiff to the defendants." It is evident that a deed, based upon a tax levy and sale for delinquent taxes, in none of which proceedings or instruments the real property is designated or described, is void for lack of jurisdiction. Such an omission goes to the very foundation of the jurisdiction. If the omission to designate the only fraction of a lot which is sought to be subjected to tax levy in the present case may be cured by the validating act, the owner might be deprived of his property by a mere

notice that any property or interest therein which he owned in Tahoe Vista Subdivision was subject to delinquent taxes. That would be contrary to the requirement of section 602 of the Revenue and Taxation Code. That construction would abrogate all statutory protection against depriving an owner of property without due process. The validating act is specifically limited "to the correction of defects, irregularities and ministerial errors." When the assessment is levied upon an entire tract owned by the taxpayer, or mere errors occur in designating certain metes and bounds, it has been held that the validating act will cure the defects. But we have found no case which holds that a total failure to describe the only fraction of a lot which is owned by the taxpayer may be thus cured.

In the cases of *People* v. *Cone*, 48 Cal. 427, and *People* v. *Hyde*, 48 Cal. 431, it was held that the failure to designate the portions of larger tracts described, which were sought to be subjected to taxes, made it impossible to ascertain what particular lands were intended to be assessed and therefore rendered the entire levy void.

In Black on Tax Titles, page 146, section 115, it is said that:

". . . A description which states that the property is part of a larger tract, but does not clearly identify the specific and determinate part intended, is so inadequate as to render the assessment a nullity. For not only would such a description be inadequate to inform the owner of the taxing of his land, but a deed conveying a 'part' of a lot or tract would convey no legal title to any portion thereof."

And in section 484, at page 619, of the same volume, it is declared that:

". . . If the defect is jurisdictional—that is to say, if it goes to the root of the authority to act, if it involves the omission of a step which the legislature could not have dispensed with, or if it consists in an irregularity which the legislature had no power to declare immaterial—then it is beyond the reach of a curative statute."

The foregoing text is supported by *Forster* v. *Forster*, 129 Mass. 559, and authorities from various jurisdictions.

We conclude that the failure to designate plaintiff's fraction of lot 60 in any of the proceedings or the deed renders them invalid for lack of jurisdiction to levy the assessment or convey the property by deed for delinquent taxes.

■ Finally, the appellant contends that since section 3629 of the Political Code, now sections 441 to 445, inclusive, of the Revenue and Taxation Code, required the owner of land to supply the assessor with a written statement of his taxable property, it must be presumed plaintiff furnished the inadequate description which led to the errors complained of, and that he is therefore estopped from asserting the invalidity of the proceedings or deed to the defendant. We think not. The land was sold for delinquent taxes which accrued in 1931, before plaintiff owned the land. There is no evidence that plaintiff or his predecessor in title furnished the assessor with an inaccurate or inadequate description of the fraction of lot in question. The burden was on the defendant to show that his own deed was valid and that his title to the fraction of the lot was good. He failed to do so. The court adopted findings adverse to him on that issue. ■ Moreover, the defendant waived his asserted defense of estoppel by failure to either plead or prove it. (*Burk* v. *City of Santa Cruz*, 163 Cal. 807, 810 [127 P. 154]; *Hunt* v. *Alamitos Land Co.*, 66 Cal.App. 438 [226 P. 415]; 1 Bancroft's Code Pleading, pp. 459-463, §§ 298-300; 51 C.J. 248, § 227; 120 A.L.R. p. 9, n.) In the Burk case, *supra,* it is said, in a suit to quiet title to real property, regarding an asserted estoppel arising from acts of dedication:

"But it is said by respondent that the acts of the plaintiff estop her from denying that it was her intent to dedicate the streets. It would be a complete answer to this to say that if *estoppel in pais* was relied upon it was the duty of the defendant to have pleaded this estoppel, and not having pleaded it it cannot be considered. Such is the uniform rule of decisions laid down by this court from the case of *Clarke* v. *Huber*, 25 Cal. 593, and to *Chapman* v. *Hughes*, 134 Cal. 641 [58 P. 298, 60 P. 974, 66 P. 982]."

In the Hunt case, *supra,* which was a suit to quiet title to real property, a similar contention was made on appeal, that the respondent waived its right to challenge an inadequate description of the land by furnishing the assessor, pursuant to the provisions of the Political Code, a statement containing the same erroneous description. The appellate court disposed of that contention by declaring, in effect, that the asserted estoppel was waived by failure to introduce evidence to that effect, or, at last, by failing to call the attention of the reviewing court to such evidence. It does not definitely

appear whether an estoppel was pleaded in that case. At least, the appellate court held that necessary elements of an estoppel were lacking, and that proof of that estoppel was not called to the court's attention.

In the present case the asserted estoppel was neither pleaded nor proved at the trial. It is too late to attempt to invoke an estoppel as a defense to an action, for the first time, on appeal.

The judgment is affirmed.

Schottky, J. pro tem., and Adams, P. J., concurred.

A petition for a rehearing was denied July 8, 1947, and appellant's petition for a hearing by the Supreme Court was denied August 7, 1947. Edmonds, J., and Traynor, J., voted for a hearing.