[Civ. No. 9182. Third Dist. Sept. 27, 1957.]

THE AFGHAN NATIONAL ASSOCIATION OF THE UNITED STATES OF AMERICA (a Benevolent Corporation), Respondent, v. SAID AKBAR, Appellant.

Lambert & Lemmon for Appellant.

Colley & Sakuma for Respondent.

WARNE, J. pro tem.*—This is an appeal from a judgment quieting title to certain real property.

*Assigned by Chairman of Judicial Council.

The respondent is a benevolent corporation organized and existing under the laws of the State of California. All of the members of the corporation are natives of India. In 1949 the corporation purchased the subject property of this action at a price of $25,000, paying $7,500 down and the balance on monthly payments. The corporation and some seven members, including the defendant, contributed varying amounts of money to the down purchase price. By this means said $7,500 was paid in cash with the exception of $2,200 which the seller took on a short-term promissory note of the corporation. The balance of the purchase price was secured by two deeds of trust, one in the amount of $5,000 and the other in the amount of $12,500, both of which were to be paid in monthly installments. There was no agreement that the contributing members were to be repaid.

On the 3d day of July, 1951, the subject property was conveyed by the corporation to the appellant by a deed signed by the corporation's then president, Abdul Jofur, and the corporation's then secretary, Akbar Khan. The purported conveyance of the subject property was the result of negotiations between the persons who had in the year 1949 contributed the down payment and Abdul Jofur.

There is evidence that at least on one occasion appellant offered to reconvey the property to the respondent if he could be secured reimbursement for certain expenditures made by him. The cash portion of the purchase price allegedly to be paid by appellant for the property was not to go to respondent but rather to those who negotiated the alleged sale to appellant, they being the members who contributed the money to the corporation to purchase the property in the first instance. At least $3,900 of the purchase price allegedly paid to the respondent corporation by appellant was refunded to him, the remainder going to persons other than the respondent.

In its complaint respondent alleged that it is the owner of the property in question; that the defendant claims to have some right, title, lien or interest in and to said property adverse to plaintiff's title; that the claim of said defendant is false, frivolous and without any valid right; that defendant has no right, title, lien or estate in said property. Respondent further alleged that the deed conveying the interest of the respondent to the appellant was executed by the president and secretary of the corporation without authority; that the signatures of the respective officers were obtained by means of misrepresentation and fraud practiced upon them by appel-

lant; that the deed was given without any valuable consideration whatsoever. By answer appellant denied these allegations and alleged that he is the lawful owner of the property in issue.

Insofar as is pertinent to a determination of this appeal the trial court found that the appellant claims to have some right, title or interest in and to said property adverse to respondent's title by virtue of the deed in question which purports to have been executed by the respondent, conveying said property to appellant; that the deed was signed by Abdul Jofur and Akbar Khan, as president and secretary, respectively, of said corporation, but that neither of said officers, at the time of the execution thereof had any authority whatsoever to sign or execute said document, nor were they authorized to do so, either in whole or in part. The court further found that there was no valuable consideration whatsoever given for said deed; that said deed was executed and delivered to Said Akbar as a result of negotiations between Hayat Khan, Mohamed Khan, M. Khan, C. D. Khan, Ali Khan and Said Akbar, and the president of respondent corporation, Abdul Jofur, all of whom purported to act in behalf of said corporation; that none of said persons ever had such authority or any authority to so act; that each and all of said persons purporting to act for said corporation, except Abdul Jofur, were financially interested in said conveyance in that each and all of them more than two years previously voluntarily contributed money to said association for the purpose of buying said property; that said association had not and never did promise in writing, or otherwise, to repay the said sum to said persons or any of them and that the respective sums did not constitute a debt or obligation of any character; that the object of said conveyance, and the whole purpose thereof, was that appellant agreed to repay these persons the amounts of their respective contributions and that said persons agreed and arranged among themselves that said conveyance should be made for said reason and no other; that none of said persons informed the association at large nor its members that the conveyance was being made; that no member or officer of said association empowered to act for it knew or had notice of said act and conduct of said parties; that said parties, and none of them, acted in good faith in the matter; that the defendant (appellant) in his dealings with said parties, had from the inception, falsely claimed and represented to these parties and to the association that he himself had made a

contribution to said association of $1,425 at the time of the purchase of said property; that said defendant had not made such a contribution at said time, nor at any time, but, on the other hand, had deposited a check in that amount with the title company at the time of purchase and that said money was a part of some $1,765 which he had in his possession which had been originally contributed to the association by other members; that throughout the transaction these persons believed said statements and representations and knew nothing to the contrary, nor was the membership of the association at large ever made aware of the falsity of defendant's claim.

Appellant first contends that the judgment is contrary to the weight of the evidence. We have examined the whole record and conclude that there is substantial evidence to sustain the findings and the judgment. ■ The amount of credit to be given to the positive testimony of a witness, or witnesses, is solely a question for the trial court. (4 Cal.Jur.2d, p. 484, § 605, and cases cited.) ■ As stated in *DeYoung* v. *DeYoung,* 27 Cal.2d 521, 526 [165 P.2d 457]: "The power of an appellate court ends with respect to the facts when it determines that there is substantial evidence which supports the trial court's findings."

Appellant next contends that the trial court erred in concluding that the corporate officers lacked the authority to sell the property. In view of the court's findings we fail to see how any other conclusion was possible.

■ Lastly, appellant contends that respondent was estopped to deny the validity of the deed. The asserted estoppel was not pleaded or proved at the trial. It is too late to invoke an estoppel as a defense to an action, for the first time, on appeal. (*Sinai* v. *Mull,* 80 Cal.App.2d 277 [181 P.2d 924].)

The judgment is affirmed.

Peek, Acting P. J., and Schottky, J., concurred.