[No. 12560.   Department One. — December 23, 1889.]

GIUSEPPE TRAVERSO, APPELLANT, v. WILLIAM TATE ET AL., RESPONDENTS.

FINDINGS — JUDGMENT AGAINST LAW — ADMISSIONS OF PLEADINGS. — Findings contrary to the admissions of the pleadings will not support the judgment; and the judgment is against law in so far as it is against such admissions.

ID. — OMISSION TO FIND UPON MATERIAL ISSUES. — If the court omits to find upon material issues, the judgment cannot be supported.

INJUNCTION — DEED TO DEFRAUD A PARTICULAR CREDITOR — PLEADING — FINDINGS — TRUST. — In an action to enjoin an execution sale of land under a judgment in favor of a particular creditor of plaintiff's grantor, an answer which admits title in plaintiff, but alleges that the deed to him was made to defraud the defendant, and that plaintiff's grantor is still the owner of an undivided interest in the land, does not present any issue as to whether or not the deed was made to hinder, delay, or defraud the creditors of such grantor generally; and in order to support a judgment for the defendant, the court must find facts from which the legal conclusion could be drawn that the legal title to an undivided interest in the land is held by plaintiff in trust for the benefit of his grantor.

ID. — EVIDENCE — BONA FIDES OF DEED — PAYMENT OF TAXES — TENANCY IN COMMON. — Evidence as to the assessment and payment of taxes upon the whole of certain land in the name of one person, who was originally a tenant in common with another person, is not admissible in favor of the person paying the taxes to prove the bona fides of a deed to him from the co-tenant.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Davis Louderback*, for Appellant.

*W. B. Tyler*, for Respondents.

Fox, J.—This is an action to enjoin the sheriff of the city and county of San Francisco from selling the interest of one Francisco Traverso, otherwise called Frank Traverso, or Frank Travers, in a certain piece of land in said city and county, upon an execution issued out of the superior court on a judgment in favor of the defendant Tate, and against said Frank Traverso or Frank Travers.

The plaintiff, Giuseppe Traverso, claims to be the owner in fee of the entire interest in said lot of land, and that a sale on the execution against said Frank Traverso of all his interest in said land will operate as a cloud upon plaintiff's title. In his complaint plaintiff has set out a deraignment of his title from 1879 down to the time of the levy under the execution against Frank, who is his brother, and by it shows that as to an undivided half-interest therein he claims under a deed from Frank dated October 4, 1882. The answer admits the plaintiff's deraignment of title, but as to the deed from Frank to plaintiff of October 4, 1882, under which plaintiff claims to have acquired the undivided half-interest which at that date stood in his brother Frank, it claims that the same was not made for a full or for a valuable consideration, was not *bona fide*, and avers that the same was made without consideration, and to hinder, delay, and defraud the said Tate, and that said Frank Traverso is still the owner of an undivided half-interest in the said tract of land.

Prior to the making of said deed, Tate, by Tyler, his guardian *ad litem*, had commenced an action for damages in tort against the said Frank Travers, but judgment thereon was not recovered until May 8, 1885, two and a half years after the making of said deed. May 11, 1885, execution was issued on said judgment, under which the sheriff is threatening to sell the interest of Frank Traverso in the property, and this is the threatened sale which it is now sought to have enjoined.

The findings of the court below are as follows:—

1. That the plaintiff is not the owner in fee of the entire lot of land described in the complaint, but that Frank Traverso, otherwise known as Frank Travers, owns an interest in said real estate at least equal to an undivided one half thereof.

2. That the deed of Frank Traverso to the plaintiff, of date the fourth day of October, 1882, was not *bona fide*, but was made with intent to hinder, delay, or defraud the creditors of said Frank Traverso. And judgment was entered for defendants.

The points made by appellant are, that the evidence is insufficient to support the findings; that the findings are insufficient to support the judgment; that the court has not found on all the issues in the cause necessary to support the judgment; that the finding that the conveyance was made to hinder, delay, and defraud the creditors of Frank. Traverso is not within the issues framed by the pleadings; that the judgment is against law; and that the court erred in the exclusion of certain testimony offered by the plaintiff.

The findings are not only unsupported by, but they are in direct conflict with, the undisputed evidence and the admissions of the pleadings. The pleadings admit, and the evidence without conflict shows, that the whole fee-simple title to the property stood in the plaintiff. An attempt was made to frame the pleadings, and they were treated as having been framed, so as to present an issue upon the question of whether or not the deed from Frank to plaintiff was simulated, without consideration, and made to hinder and defraud the defendant; in effect, whether or not the plaintiff held the title as to an undivided half thereof for the benefit of Frank. The findings are wholly insufficient to meet these issues. It being conceded by the pleadings that the legal fee-simple title stood in plaintiff, it was necessary for the court to find, in order to support this judgment, the facts from

which the legal conclusion could be drawn, that as to the undivided half thereof it was held by plaintiff for the use and benefit of Frank Traverso, which has not been done.

There was no issue as to whether or not the deed was made to hinder, delay, or defraud the creditors of Frank Traverso generally.

The judgment is against law, because it is against the admissions of the pleadings.

The court did not err in excluding the evidence offered by plaintiff as to the assessment and payment of taxes on the property. Plaintiff was not entitled to offer the assessment for the purpose of proving value; it was inadmissible for such a purpose. Before the making of the deed from Frank, and ever since 1879, the plaintiff was the owner, as a tenant in common, of the undivided one half of the property, in the actual possession of the whole, and living on it with his family. It was therefore not improperly assessed to him, and it was his duty to pay the taxes on it. The fact that it was so assessed, and that he paid the taxes thereon, did not therefore tend to prove the *bona fides* of the deed from Frank to him.

Judgment and order reversed, and cause remanded.

PATERSON, J., concurred.

WORKS, J., concurred in the judgment.