[S. F. No. 6491. In Bank.—June 25, 1915.]

MARTIN HANSON, Respondent, v. SOL GOLDSMITH (sometimes known as Solomon Goldsmith), Appellant.

TAXATION—DEED OF TAX-COLLECTOR TO PURCHASER—SUFFICIENT RECITAL OF AUTHORITY.—The provisions of the Political Code, which provide for a sale by the state of lands conveyed to it for delinquency in the payment of taxes, constitute the tax-collector the agent of the state for making such sale and passing the title to the purchaser, and a deed from the state to a purchaser executed by "Edward J. Smith, tax-collector of the city and county of San Francisco," which recites a prior sale of the property to the state for the nonpayment of taxes, a written authorization of the controller for the sale of said property, a published notice of the time of sale thereof at public auction, and a sale pursuant thereto to the grantee of such deed, shows by such recitals that the tax-collector was authorized and acting as agent of the state in conveying the state's interest in the property to such grantee.

ID.—PUBLICATION FOR THREE SUCCESSIVE WEEKS—SUFFICIENCY OF RECITAL.—A recital in a deed by the tax-collector that he had "caused due notice to be given of the sale of said property at public auction by publishing notice thereof for at least three weeks" states a publication complying with the provision of section 3897 of the Political Code requiring a publication of the notice "for three successive weeks," because the word "for," used in the recital, given its ordinary meaning when applied to a period of time, clearly means "during," "throughout," or "during the continuance" of three weeks successively or continuously.

ID.—"DUE NOTICE."—A recital in such deed that the tax-collector caused "due notice" to be given by publication "for at least three weeks," in connection with such statutory requirement, means three successive weeks.

ID.—TIME AND PLACE OF SALE—SUFFICIENT RECITAL.—A recital in such deed that the property was "duly offered" for sale "on the day fixed for the sale," in connection with a recital therein of a published notice of sale "at 12 o'clock M. on the twenty-fifth day of March, 1905," is *prima facie* evidence that the sale was made at the proper place and hour fixed, under section 3898 of the Political Code.

ID.—SUFFICIENT DESCRIPTION OF PROPERTY—COURSES AND DISTANCES.—Where all of the calls in such deed are for so many "feet" from point to point except the last which is "thence westerly two hundred (200) to the point of commencement," the description is sufficient notwithstanding the omission to designate the length of the last course by any unit of measurement.

ID.—CONVEYANCE TO THE STATE FOR NONPAYMENT OF TAXES—MISTAKE AS TO NAME OF OWNER IN ASSESSMENT.—The fact that the property sold to the state for nonpayment of taxes was incorrectly assessed to one who was not the owner thereof does not invalidate such conveyance to the state.

ACTION TO QUIET TITLE—DEFENSE OF OWNERSHIP BY THE STATE—ESTOPPEL BY JUDGMENT.—In an action to quiet title to a parcel of land, defendant is barred from setting up a claim that the title to the land is in neither plaintiff nor defendant but in the state of California, by a judgment in an action between the state of California as plaintiff and himself as defendant adjudging that the state of California had no right, title, interest, or claim to the property therein described, being the same property involved herein, and further adjudging that defendant was the owner thereof.

ID.—CROSS-COMPLAINT ERRONEOUSLY STRICKEN OUT—HARMLESS ERROR WHERE PLAINTIFF PREVAILS.—Where in an action to quiet title the cross-complaint of defendant alleging ownership in himself and praying that his title be quieted as against plaintiff, is stricken out on motion of plaintiff, and afterward on a trial of the merits of the action it was adjudged that plaintiff was the owner of the

CLXX Cal.—33

property involved in the action and that defendant had no title thereto, the error of the court in striking out the cross-complaint was not prejudicial because if the cross-complaint had remained defendant would have been entitled to no relief under it.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order refusing a new trial.   Geo. A. Sturtevant, Judge.

The facts are stated in the opinion of the court.

H. D. Newhouse, and Abram M. Marks, for Appellant.

Perry & Dailey, for Respondent.

LORIGAN, J.—This is an action to quiet title.   The complaint contained the allegations usual to such an action; that plaintiff was the owner of certain lands in the city and county of San Francisco described by courses and distances and consisting of Potrero Nuevo block No. 560, and a part of Potrero Nuevo block No. 555; that defendant asserted a claim thereto adversely to plaintiff but without right, and asked for a decree quieting the title of the plaintiff to the property.   Defendant answered denying that plaintiff was the owner of the property; admitted that he asserted a claim and interest in the property adversely to the plaintiff, but denied that said asserted claim and interest was without right.   Defendant also filed a cross-complaint which, on motion of the plaintiff, was stricken out.

The cause was tried on the issues made by the complaint and answer.   The court found that plaintiff was the owner of the land as against defendant and thereupon made a decree accordingly quieting the title of the plaintiff to said property.   Defendant appeals from the decree and an order denying his motion for a new trial.

Plaintiff based his claim to the ownership of the property on certain deeds made to him by the state of California on sales by it on account of nonpayment of state and city and county taxes for certain years.   The court held these deeds to be valid.

The deeds offered consisted of a deed made by the tax-collector *to* the state on June 28, 1900, of Potrero Nuevo Block No. 560 assessed to "D. Goldsmith" on account of the nonpayment of taxes on said block assessed for the year 1894;

a deed *from* the state to the plaintiff made March 25, 1905, on a sale by the state of said block 560 for nonpayment of said taxes for 1894 and purporting to convey it by courses and distances; a deed *to* the state dated July 1, 1903, of part of Potrero Nuevo Block No. 555, particularly described and assessed to "Sol Goldsmith," for nonpayment of state and city and county taxes for the year 1897; and a deed *from* the state to the plaintiff dated February 25, 1905, of said part of block 555, made on a sale thereof by the state for nonpayment of said taxes of 1897.

Appellant attacks the validity of these deeds on several grounds which we will proceed to consider. The two deeds from the state to the respondent were executed by "Edward J. Smith, tax-collector of the city and county of San Francisco." Appellant contends that there is nothing on the face of the deeds to show that the tax-collector was authorized or was acting as the agent of the state in the making of these deeds. There is nothing in this claim. The deeds recite a prior sale of the property to the state for nonpayment of taxes and a written authorization of the controller of the state for the sale of said property, a published notice of the time of sale thereof at public auction and a sale pursuant thereto to the respondent. Section 3898 of the Political Code provides that upon such a sale "the tax-collector must execute a deed to the purchaser. . . ." The provisions of the Political Code which provide the general scheme for the collection of the revenues of the state, of which a sale by the state of the lands conveyed to it for delinquency in the payment of taxes is a part, constitute the tax-collector the agent of the state for making such sale and passing the title to the purchaser, and the recitals to which we have referred sufficiently show that he was authorized and acting as agent of the state in conveying its interest in the property to the plaintiff as purchaser. (*Bank of Lemoore* v. *Fulgham,* 151 Cal. 234, [90 Pac. 936] ; *Chapman* v. *Zoberelein,* 152 Cal. 216, [92 Pac. 188].)

The next attack is respecting the recitals in both of the deeds from the state to the plaintiff wherein it is stated by the tax-collector that he had "caused due notice to be given of the sale of said property at public auction by publishing notice thereof for at least three weeks in a newspaper published in said county, to wit, in the *Weekly Commercial*

*News.''* The point is that as section 3897 of the Political Code requires publication of the notice ''for three *successive* weeks'' the recital in the deeds that it was made for ''three weeks'' does not show a compliance with the section. It was, of course, not necessary in the deeds to state the dates of publication so that it might be determined therefrom whether the notice had been published as required by law, but simply to state the fact that it was published for the statutory time. It was not claimed that publication was not, in fact, made as required by the section, but only that the deeds do not recite the fact. We think, however, that the use of the preposition ''for'' in the clause ''for at least three weeks'' contained in the deeds, given its ordinary meaning when applied with relation to a period of time, clearly means ''during,'' ''throughout,'' or ''during the continuance'' of three weeks successively or continuously. (19 Cyc., 1004.) It is further to be noticed that these deeds recite that the tax-collector caused ''due notice'' to be given by publication ''for at least three weeks'' and as ''due notice'' could only be given by publication ''for at least three successive weeks'' it is apparent that a recital of the giving of ''due notice'' in connection with the statutory requirement means three successive weeks.

It is also insisted that the tax-deeds are invalid because the time and place of sale of the property are omitted from them. It was recited in one deed that the publication of notice was of a sale of the property at public auction at the office of the tax-collector in the city and county of San Francisco ''at 12 M. of the 25th day of February, 1905,'' and that ''on the day fixed for the said sale, to wit, the 25th day of February, 1905, said property was duly offered for sale at public auction.'' In the other deed the recital was of a published notice of sale at the office of the tax-collector ''at 12 o'clock M. on the 25th day of March, 1905,'' and that ''on the day fixed for the said sale, to wit, the 25th day of March, 1905, said property was duly offered for sale at public auction.'' The point made is that these latter recitals in the deed do not show that the sale was made at the time set—12 o'clock M., or at the place specified—the tax-collector's office. But the recitals in the deeds that the property was ''duly offered'' for sale ''on the day fixed for the sale,'' taken in connection with the other recitals in the deeds of the notice,

place, date and hour of sale, were the recitals of facts which under section 3898 of the Political Code was *prima facie* evidence that the sale was made at the proper place and hour fixed.

It is further contended that the deed of March 25, 1905, by the state to the plaintiff is void for want of proper description. The description in the deed is by courses and distances in feet save the last course, which is "thence westerly two hundred (200) to the point of beginning." The contention is that by reason of the failure to give the unit of measurement in this last call the description of the property is insufficient. This point is not well taken. All the other calls in the deed save this last one are for so many "feet" from point to point, and this last call would be construed as meaning feet if it were necessary to do so, which it is not, because the course runs to the point of beginning and so is good, notwithstanding the omission to designate the length of the course by any unit of measurement. (See *Bond* v. *Aickley*, 168 Cal. 164, [141 Pac. 1188].)

In the deed to the state for the nonpayment of taxes for 1894 it is recited that the property sold was assessed to "D. Goldsmith." It appears that the defendant obtained a deed to all the land involved in this action on January 5, 1878, which was recorded in 1884. It is claimed by appellant that this assessment to "D. Goldsmith" when appellant was the owner of the property rendered the assessment and the deed based upon it void. The answer to this claim is found in section 3628 of the Political Code, where it is declared "that no mistake in the name of the owner, or supposed owner, of real property shall render the assessment thereof invalid." (*Klumpke* v. *Baker*, 131 Cal. 80, [63 Pac. 136, 676]; *Palomares Land Co.* v. *Los Angeles County*, 146 Cal. 530, [80 Pac. 931]; *Webster* v. *Somer*, 159 Cal. 459, [114 Pac. 575].)

Some other objections to the deeds themselves were overruled by the court and error assigned thereon. Also some offers of evidence by appellant respecting these deeds were rejected of which he complains. While we have considered all of them we find these assigned errors are without merit and we do not mention or discuss them.

In addition to attacking the tax-deeds themselves on account of the defects urged and just considered, appellant

offered evidence which the court rejected for the purpose
of showing that title to these lands was neither in the plain-
tiff nor the defendant, but in the state of California. This
consisted of the testimony of witnesses respecting the depth
of the water of the bay of San Francisco covering the land
here involved at low tide. This evidence was offered under
the claim of appellant that these lands were tide lands owned
by the state, inalienable by it and not subject to taxation;
that therefore the tax-deeds under which respondent claims
were·void.

It is unnecessary to discuss the ruling of the court or the
merits of the contention of appellant. There was introduced
in evidence a judgment entered in an action entitled "The
State of California *v.* Solomon Goldsmith et al," on a com-
complaint filed October 5, 1893. By that judgment entered
December 31, 1894, it was adjudged that the state of Cali-
fornia had no right, title, interest, or claim to the property
here involved, and it was further adjudged that Solomon
Goldsmith was the owner of said real property. Under this
judgment it had been determined prior to the assessments on
which the tax-deeds here involved were based, that the title
to these lands was not in the state, but in the appellant, and
he is barred by the judgment from asserting to the contrary
as determined by it.

Defendant complains because the court, on motion of the
plaintiff, struck out his cross-complaint alleging ownership
in himself of the property involved and asking that his title
thereto be quieted against the claim of the plaintiff. Con-
ceding that defendant had the right to ask for this affirmative
relief by cross-complaint and that it was error to strike out·
this pleading on his part (*Islais etc. Co.* v. *Allen,* 132 Cal.
436, [64 Pac. 713]; *Johnson* v. *Taylor,* 150 Cal. 208, ·[119
Am. St. Rep. 903, 10 L. R. A. (N. S.) 818, 88 Pac. 903]),
still the error was harmless, because the issue whether plaintiff
or defendant was the owner of the property was presented
under the complaint and answer and tried by the court upon
its merits and the judgment was that plaintiff was the owner
of the property and that defendant had·no title thereto. If
judgment on this issue had gone, or should have gone for the
defendant, the matter would be different. But having gone
for the plaintiff no prejudicial error could have been worked

defendant by striking out his cross-complaint under which, if it had remained in, he would have been entitled to no relief.

The judgment and order appealed from are affirmed.

Melvin, J., Shaw, J., Sloss, J., Henshaw, J., Lawlor, J., and Angellotti, C. J., concurred.

Rehearing denied.