[Civ. No. 3269.  First Appellate District, Division Two.—March 4, 1920.]

## MAHALA GALLENTINE, Respondent, v. F. J. HICKEY et al., Appellants.

[1] QUIETING TITLE — FINDING OF OWNERSHIP — EVIDENCE — ADVERSE POSSESSION — FINDING—AGREED BOUNDARY—SURPLUSAGE.—In an action to quiet title, the trial court having found in favor of the plaintiff and against the defendants as to the ownership of the property, and that finding being supported by deeds to plaintiff and her predecessors, as well as by evidence that the plaintiff and her husband entered at least under color of title and remained in complete domination of the land under a claim of right openly, notoriously, and peaceably, paying taxes for the full period which would have given the plaintiff title by prescription, its further finding concerning an agreement between plaintiff and defendants' predecessors locating the true line between the lots may be disregarded as surplusage without affecting the judgment.

[2] ID.—STRIKING OUT CROSS-COMPLAINT — WHEN NOT REVERSIBLE ERROR.—After trial on the merits and judgment in favor of the plaintiff and against the defendants in an action to quiet title, the judgment will not be reversed because of technical error of the trial court in striking out a cross-complaint in which the defendants alleged ownership in themselves, the same matters having been affirmatively alleged in their answers.

APPEAL from a judgment of the Superior Court of Ventura County. Merle J. Rogers, Judge. Affirmed.

The facts are stated in the opinion of the court.

Argabrite & Drapeau for Appellants.

Bowker & Sheridan for Respondent.

BRITTAIN, J.—The defendants appeal from a decree quieting the plaintiff's title to a lot of land in the principal business block in the town of Ojai, formerly known as Nordhoff, in Ventura County. The decree also required the removal of a wall built within the exterior boundaries of the plaintiff's lot.

The dispute concerned a strip of land 1.67 feet wide along the division line between the lots of the plaintiff and the defendants. According to an old map these lots were near the middle of a block shown on the map to have a frontage of 472 feet, but by actual measurement it was only 470.33 feet long. Early deeds called for measurements from the southeast corner of the block to the nearest corners of lots conveyed, or boundary lines of earlier conveyed lots so located. The descriptions used in the deeds in the plaintiff's chain of title all related directly or indirectly to the southeast corner of the block. So, also, did the earlier deeds in the defendants' chain of title, but in a deed containing such a reference a predecessor of the defendants added a recital calling for a distance from the southwest corner of the block computed from the erroneous map call and, therefore, 1.67 feet too long. Subsequent grantees reversed the old descriptions; using the erroneous call from the southwest corner of the block and thereby causing an apparent overlapping of the western lot 1.67 feet on the eastern lot.

The plaintiff's husband, from whom she derived title and possession, in 1911, acquired his lot by the ancient descrip tion. There was then a store building on the lot afterward acquired by the defendants. The plaintiff's husband caused a survey to be made in accordance with his deed and with the plaintiff in that year built a store on his lot. In the erection of his building two things were done which have a direct bearing on the questions involved in this suit: A concrete foundation was built for the Gallentine store, and

overhanging eaves of the older store were cut away to permit the erection of the Gallentine building on the west line of the plaintiff's lot. At that time there was some talk between Mrs. Gallentine, acting on behalf of herself and her husband, with one of the predecessors in interest of the defendants, then a record owner of the land and an occupant of the old store, concerning the cost of the survey, and he said he made no claim against the Gallentines. One of the defendants testified, in effect, that when they bought they had a survey made and got their full frontage without considering any part of the land covered by the Gallentine building. Both buildings were destroyed by fire in 1917, but the concrete foundation built by Gallentine remained in place. Thereafter, and shortly before the commencement of this suit, the defendants started to build a new east wall 1.67 feet east of the old division line, marked by the old buildings, as shown by the remaining concrete foundation. The plaintiff testified that from 1911 until her building was burned in 1917, it was occupied by tenants from whom she collected all rents, and that for the same period, and thereafter until the time of the trial, she had paid all taxes on the lot to which she claimed title.

[1] The findings were in favor of the plaintiff as to ownership and against the claims of the defendants. The court also found the facts concerning the construction of the concrete foundation; that at that time there was a dispute in regard to the true location of the division line which was settled by the agreement of the then owners; and, that the plaintiff had been in open, peaceful, notorious, and continuous occupation of the property for more than five years paying taxes. Conclusions of law and judgment followed the findings.

The appellants' chief contention is in relation to the finding concerning the agreement locating the true line between the lots. The finding may be entirely disregarded as surplusage without affecting the judgment. The ultimate finding of ownership is supported by the deeds, as well as by the evidence that the plaintiff and her husband entered at least under color of title and remained in complete domination of the land under a claim of right openly, notoriously, and peaceably, paying taxes for the full period which would

have given the plaintiff title by prescription. Under the deeds if there was no dispute in regard to the location of the division line there was no basis for an agreement concerning what both parties recognized as the fact, namely, that the plaintiff's west lot line was where both her predecessor's deed and the survey showed it to be. That line was marked on the ground by the foundation, and the trial court was correct in determining in effect that there is no more reason now for a dispute on the subject than there was in 1911.

There are numerous contentions concerning claimed errors in rulings on evidence. Counsel for the appellants have contented themselves largely in asserting that the trial court erred. The entire record has been carefully examined and it does not appear that any of the rulings was erroneous or injurious to the appellants. It is wholly unnecessary to set forth the evidence in detail or to discuss at length the contentions on the part of the appellants in this regard.

It is contended that the defendants' motion for nonsuit should have been granted and that their motion for a new trial should not have been denied. The same argument was made under each of these contentions as that made concerning the claimed insufficiency of the evidence, and on the motion for a new trial the rulings on evidence were no doubt considered. In view of what has been said, it does not appear that there was error in either matter.

[2] It is also contended that the trial court erred in granting the plaintiff's motion to strike out a cross-complaint filed with the answer. In their answer the defendants affirmatively alleged that they owned the lot described in such a manner as to overlap the plaintiff's lot. In the cross-complaint the same allegations were made. The defendants were afforded an opportunity under their answer to prove any facts they might have proved under the cross-complaint. If the judgment had been against the plaintiff the defendants would have been as completely protected as by a judgment in their favor. If there was technical error, after the trial in such a case as this, judgment for the plaintiff will not be reversed on that ground alone. This exact question has heretofore been decided by the supreme court adversely

to the claim of the appellants. (*Hansen* v. *Goldsmith,* 170 Cal. 512–518, [150 Pac. 364].)

The judgment is affirmed.

Nourse, J., and Langdon, P. J., concurred.