[Civ. No. 4730.   Third Appellate District.—February 6, 1933.]

EDWARD H. MARXEN, Receiver in Bankruptcy, etc., Respondent, v. R. H. HERRON et al., Appellants.

Griffith & Thornburgh for Appellants.

Marshall D. Andrews and Major McGregor for Respondent.

THOMPSON (R. L.), J.—This is an appeal from a judgment for plaintiff in a creditor's suit in equity to establish the validity and secure the benefit of the proceeds derived

from the operation of a lease upon state tide lands for the development of oil, gas and other hydrocarbon substances.

This suit was commenced by Dorothy O. Smith, under the provisions of section 382 of the Code of Civil Procedure, for the benefit of all parties interested in the lease. The defendant, Jennie S. Herron, held a lease upon 160 acres of state tide land in the vicinity of Summerland from the state of California under the provisions of the Mineral Land Act of California, for the purpose of prospecting for oil, gas and other hydrocarbon substances. October 17, 1925, this lease was transferred to C. H. Smith for a term of ten years, in consideration of one-eighth royalty of the gross products therefrom, with the agreement that Smith should diligently prospect for oil and gas by sinking thereon at least ten wells each year. With the consent of Jennie S. Herron, a one-half interest in this lease was transferred to E. H. Barmore, Sr., with whom Smith formed a partnership for the purpose of prospecting this land for oil and gas. During the first year of this sublease Smith and Barmore succeeded in sinking six wells upon the premises according to agreement. Due to causes over which Smith and Barmore had no control, they were unable to sink the remaining four wells. This failure was specifically waived by Mrs. Herron. During the first year of the term of this assigned lease, Smith and Barmore incurred indebtedness in operating the prospecting enterprise amounting to the sum of $58,848, which they were unable to pay. The plaintiff is one of these creditors to whom they owe the sum of $34,000. On September 6, 1927, these defendants, Smith and Barmore, were declared bankrupt. This plaintiff, Edward H. Marxen was appointed and qualified as receiver of the estate of said bankrupts. Upon due notice and application therefor he was authorized by the United States District Court of Southern California, wherein said bankrupt estate was pending, to appear and represent the creditors of said estate in this equitable action. Upon notice and application therefor it was ordered that the said Edward H. Marxen, as receiver of the estate of Smith and Barmore, bankrupts, be substituted as plaintiff in this action instead of the said Dorothy O. Smith, in behalf of the creditors of the partnership and all parties interested in this litigation. An amended and

supplemental complaint was then filed by the plaintiff in this proceeding.

The amended and supplemental complaint alleged the foregoing facts, and charged that the defendants R. H. and Jennie S. Herron fraudulently conspired with Smith and Barmore to wrongfully procure the abandonment of their lease, and that the Herrons thereupon seized and now illegally hold possession of the leased premises together with the products developed therefrom and all machinery incident thereto of the value of $10,000, and are proceeding to operate the same with a claim of ownership thereof, to the great and irreparable loss of the creditors of said partnership and of the plaintiff; that at the time of the pretended abandonment of the lease, one well on said premises was producing more than eighty barrels of oil a day. The complaint seeks an accounting and an adjudication of the title of Smith and Barmore to the lease and property described, and prays for the appointment of a receiver to take charge of said property for the benefit of the creditors of the partnership, and that the defendants be restrained from disposing of any of said property pending this litigation.

R. H. and Jennie S. Herron are the only defendants who appeared or answered the complaint. They denied all the material allegations thereof, except that the capacity of the plaintiff to maintain the action was not raised by objection, demurrer or motion to strike. Upon trial the court adopted findings favorable to the plaintiff sustaining all the material allegations of the complaint, except that the alleged fraud and conspiracy of the appellants were denied.

The court found that Smith and Barmore were the owners of the lease, machinery and products of the oil-wells on the premises described, and were entitled to the possession thereof; that the lease had not been forfeited or abandoned by them, but, upon the contrary, that the appellants wrongfully and unlawfully ejected the partners and seized possession of the leased premises and property which they were illegally holding to the detriment of plaintiff. A judgment was accordingly rendered requiring an accounting of all property belonging to the estate of Smith and Barmore, bankrupts, entitling and authorizing the plaintiff to take possession of the leased premises and personal property for the benefit of the creditors of Smith and Barmore, bank-

rupts, and enjoining the defendants from disposing of any of said property pending the litigation. From this judgment the defendants R. H. and Jennie S. Herron have appealed.

It is asserted by the appellants that the judgment should be reversed because the plaintiff, as receiver of the estate of Smith and Barmore, bankrupts, lacks capacity to sue or maintain this action in behalf of creditors.

It is too late to object to the intervention or lack of capacity of a party plaintiff to sue, for the first time on appeal. In the absence of an objection to the intervention or disqualification of a party plaintiff, either by demurrer or motion to strike or otherwise, if an order of court is duly made upon notice and motion therefor, permitting one to intervene as a party plaintiff, an objection on the ground of misjoinder of parties or lack of capacity to sue, is waived, and may not be raised for the first time on appeal. (*Carlin* v. *Masten*, 118 Cal. App. 373 [5 Pac. (2d) 65]; *Chow* v. *Sing*, 87 Cal. App. 278 [261 Pac. 1039]; 47 C. J. 231, sec. 452; Code Civ. Proc., secs. 378, 430; 20 Cal. Jur. 565, secs. 52, 53.)

In this case it appears the respondent Edward H. Marxen was duly appointed and qualified as receiver in the matter of the partnership estate of Smith and Barmore, bankrupts, by an order duly made in the District Court of the United States in and for the Southern District of California, and that he was subsequently duly authorized to employ counsel and appear in this action in behalf of all creditors of that estate; that upon due notice he was thereafter substituted in this action without objection as party plaintiff in the place of the original plaintiff, Dorothy O. Smith; that he served and filed an amended and supplemental complaint therein, to which appearance and alleged lack of capacity to sue the appellants failed to demur or move to strike. In response to the affirmative allegations of the supplemental complaint that Marxen was duly appointed and qualified as receiver of the estate of Smith and Barmore, and that he was thereafter authorized and did appear in this action and was substituted as party plaintiff herein, the appellants merely denied these recitals on information and belief. The question of his capacity to sue was not otherwise raised.

■ The denial of an answer on information and belief respecting the formal orders of a court of record recited in the complaint which are readily accessible to the defendant, raises no issue which requires evidence to support the findings of such alleged facts. (21 Cal. Jur. 150, sec. 101; *Saylor* v. *Taylor*, 42 Cal. App. 474 [183 Pac. 843].) There is no merit in the contention that respondent lacked capacity to sue, or that the evidence fails to support the findings respecting his due authorization and substitution as party plaintiff herein.

■ The appellants contend that a reversal of the judgment is imperative because certain material findings of the court are conflicting and irreconcilable. Among the chief issues in the case, upon which the judgment depends, is the question as to whether Smith and Barmore, to whom the oil lease was transferred by Jennie S. Herron, the original holder thereof, abandoned the lease and possession of the property. If they did not abandon the lease and property, then Mrs. Herron, the lessor, was not warranted in taking possession and exercising ownership thereof. In that event the court was right in declaring that her possession was unlawful and that the plaintiff is entitled to the possession of the property for the benefit of creditors and that an accounting should be had. If the partnership did abandon the lease and property, then the lessor, Mrs. Herron, may be deemed to be in lawful possession thereof, and the plaintiff would not be authorized to take the property for the benefit of creditors. It does seem to be vital to the validity of the judgment to determine whether the lease and property were abandoned.

In the complicated findings which were presented to the court and signed it was definitely and specifically determined that the lease and property were abandoned by Smith and Barmore. Under paragraph VI of the "third" portion of the answer to the amended and supplemental complaint the defendants say:

"That subsequent to the service of said notices and some time prior to the 16th day of August, 1927, *said Smith & Barmore abandoned said leased premises and ceased all work thereon,* and that upon said day, said Jennie S. Herron, through her agent R. H. Herron, took possession of said leased premises and has continued since and now is in pos-

session thereof, claiming to hold the same free of any claim or interest of Smith & Barmore or any creditors of Smith & Barmore.''

Respecting these allegations of the answer, the court found:

"That *the allegations of subdivision VI of said answer are true,* but referring to the allegations that Jennie S. Herron through R. H. Herron is claiming to hold State Oil and Gas Lease Nineteen (19) and all personal property thereon free from any claim of Smith and Barmore, or any creditors of Smith and Barmore, this court finds said claim to be without right or justification.''

The first portion of the preceding finding is in direct conflict with other findings to the effect that the lease and premises were not abandoned. We are unable to reconcile this conflict. Since the evidence respecting the subject of abandonment is conflicting, it becomes necessary to reverse the cause on account of the irreconcilable conflict of the foregoing findings. It is said in *Huling* v. *Seccombe,* 88 Cal. App. 238, at page 244 [263 Pac. 362, 365]:

"Where findings are irreconcilably in conflict the judgment must be reversed, for the reason that it is impossible, under such circumstances, to determine which findings controlled the court in rendering its judgment. (*Los Angeles Land Co.* v. *Marr,* 187 Cal. 126 [200 Pac. 1051]; *Estep* v. *Armstrong,* 91 Cal. 659 [27 Pac. 1091]; *Learned* v. *Castle,* 87 Cal. 454 [18 Pac. 872, 21 Pac. 11]; 2 Cal. Jur. 1030, sec. 612.)''

It is claimed that the findings to the effect that the lease and property were not abandoned by Smith and Barmore are in conflict with the admissions of the complaint. It is true that findings which are in conflict with the unequivocal admissions of pleadings, do not support a judgment and should be disregarded. (*Traverso* v. *Tate,* 82 Cal. 170 [22 Pac. 1082]; *Ortega* v. *Cordero,* 88 Cal. 221 [26 Pac. 80]; *Robison* v. *Mitchell,* 159 Cal. 581 [114 Pac. 984]; *Chase* v. *Van Camp Sea Food Co., Inc.,* 109 Cal. App. 38 [292 Pac. 179].) In the present case the only alleged admission of the complaint in conflict with the findings that the lease and property were not abandoned, is the statement in support of plaintiff's allegations of fraud and collusion on the part of appellants to procure the abandonment

of the lease and property by Smith and Barmore, in the following language, to wit:

"E. H. Barmore, Sr., on or shortly prior to the 6th day of September, 1927, with the knowledge and consent of said R. H. Herron and at his instigation *caused it to appear* that there was no one upon said real property and that said leasehold estate and real property had been abandoned by said partnership and caused all work and drilling operations to cease upon said real property *although said Barmore and said Herron, both, then and there well knew that said property had not been abandoned by said partnership.*"

It is apparent this is not an allegation that the lease and property had been abandoned. It may not be reasonably so construed. Clearly the pleader alleges conduct which he asserts was for the mere purpose of *making it appear* that an abandonment had occurred. It is specifically stated that it was well known by Barmore and Herron that the property was not abandoned. This allegation does not amount to an admission of abandonment.

The appellants assert that the findings respecting their alleged fraud in procuring the abandonment of the lease and property by Smith and Barmore, are also in conflict. We are inclined to think not. The apparent conflict may be reasonably reconciled. However, since the court did specifically find that appellants were not guilty of fraud or collusion in obtaining possession of the property, and the findings are all favorable to them on this issue, they may not complain. The judgment is amply justified in the absence of fraud or collusion on the part of the appellants. Their illegal and wrongful possession of the property will justify the judgment even though they were free from fraud. This challenged conflict of findings is without merit.

It is further insisted that material findings are not adequately supported by the evidence. These challenged findings refer to the alleged violation of the terms of the lease by Smith and Barmore rendering that instrument void. They apply to the following subjects: "non-payment of royalties", "lack of diligence in sinking wells", "lack of skill in performance of services", and finding of the insolvency of the partnership. In view of the necessity of reversing the judgment on account of the conflicting findings

above referred to, it is unnecessary to review the evidence applicable to the alleged violation of the terms of the lease. It may be conceded the evidence in support of some of these subjects is scant. The weight of the evidence is a matter within the province of the trial judge. The law does not favor forfeiture. The court held that the lease was not forfeited for breach of its terms, and that the property was not abandoned. In a hasty examination of the record we are unable to say these findings are not adequately supported by the evidence.

For the reason that the findings regarding the alleged abandonment of the lease and property are in irreconcilable conflict, it becomes necessary to reverse the judgment. It is so ordered.

Pullen, P. J., and Plummer, J., concurred.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 7, 1933.