[Civ. No. 10001.  First Appellate District, Division Two.—January 29, 1936.]

CHARLOTTE MALLMAN et al., Appellants, v. AMY B. KNEEBEN et al., Respondents.

J. B. Joujon-Roche for Appellants.

Swanwick, Donnelly & Proudfit and Tom W. Henderson for Respondents.

SPENCE, J.—This was an action to quiet title to certain property in Los Angeles County which was described in the complaint as follows: "Lots 1, 5 and 6, block 6, Silver Strand Tract, as shown on book 7, page 86 of maps, Records of Los Angeles county, California, excepting a portion of said Lot 1 conveyed to the City of Venice, California . . . " Thereafter followed the description of the portion of said lot 1 which was excepted. The prayer of the complaint also asked for an accounting, the appointment of a receiver and other relief. Judgment was entered denying any of the relief asked in the prayer of the complaint and plaintiffs have appealed.

Appellants have attacked numerous findings made by the trial court but the entire controversy involves the question of the validity of certain tax deeds and the proceedings leading up to their issuance. Appellants' title to said real property was based upon said tax deeds. The determination of the validity of the proceedings relating to the portion of lot 1 described in the complaint gives rise to a question which is not involved in the determination of the validity of the proceedings relating to lots 5 and 6. We shall therefore first discuss the questions raised with respect to the lots last mentioned.

Without setting forth the descriptions of said lots 5 and 6 as found in the various proceedings leading up to the issuance of the tax deeds thereon, we may state that respondents' attack upon the sufficiency of said descriptions is based solely upon the manner in which reference was made therein to the recorded map. Respondents set forth the description used in the assessment books and elsewhere in these proceedings and then concede that "Ostensibly, this description of the property is adequate and in conformity with the requirements of section 3658a of the Political Code." But they point out that the reference to the map was "Silver Strand, as per Bk. 7, p. 86 of Maps, Records of L. A. Co.", while the evidence showed that the map, including descriptive matter, occupied all of page 86 and also a portion of page 87 of said book of maps. The truth of the matter is that the

only portion thereof which is found on page 87 is the name "Silver Strand" together with certain printing referring to the owners, the place of recording of their deeds, the name of the city, the date, the name of the engineer and the scale. The map proper, which includes the lots in question, is found in its entirety on page 86.

In our opinion, the above-mentioned reference to the recorded map was sufficient and the trial court's findings and conclusions to the contrary may not be sustained. Respondents have cited us to no authority directly in point and our search has disclosed none. It is of interest to note that various instruments through which respondents claimed their respective interests in the land made reference to the map in the same manner, giving the page number as 86 and making no reference to page 87. It is true, as stated in *Miller* v. *Williams,* 135 Cal. 183 [67 Pac. 788], that "A description which would suffice in an agreement to convey, or in a deed, may be bad in an assessment." But the true rule is indicated in that case where it is said, "The assessment is made with a view to a possible sale, and the property should therefore be so described as to enable the owner to know what land is charged with the tax, and also to enable a possible purchaser to know what land is offered for sale." There can be no doubt that the description given here with reference to the map was adequate to identify and locate the land with certainty. Both the owner and the prospective purchasers could readily know what land was charged with the tax and what land was offered for sale. The photostatic copy of the map book shows an obvious case of a slight overlap from page 86 to page 87 and no person of ordinary intelligence would have had the slightest difficulty in ascertaining that the map on page 86 was the map of "Silver Strand" as these words appeared on the portion overlapping on page 87. Respondents also cite and rely upon *Stewart* v. *Atkinson,* 96 Cal. App. 50 [273 Pac. 606], but the assessment there was of " . . . one-half of Lot 12 . . . " without describing which half of said lot was the subject of the assessment and sale. The court there said on page 55, "we think the description is void for uncertainty in that it cannot be ascertained from the description which half of the lot is attempted to be described". That case is obviously not in point.

■ Respondents also contend that, "The 1931 notice of sale was invalid". It is here conceded by respondents that this notice was in the form prescribed by section 3764 of the Political Code, and was given in June, 1931, and prior to the sale by the state on July 1, 1931. Respondents call our attention, however, to section 3817a of the Political Code which went into effect on May 28, 1931, and contend that the notice of sale was invalid as it failed to advise the owner of the rights conferred by this section. We find no merit in this contention. The new section 3817a as enacted in 1931 had nothing to do with the notice of sale and the sections of the Political Code relating to such notice had not been amended prior to the sale. As the notice of sale complied with the sections relating thereto, we conclude that it was valid.

■ We shall now consider the situation with respect to the portion of lot 1 described in the complaint. In addition to the foregoing claims of invalidity as to all three lots, an entirely different claim of invalidity is urged as to said portion of lot 1. The evidence shows that on February 5, 1924, the owners conveyed a certain portion of said lot to the city of Venice. Thereafter the assessor made no change in the description of the property assessed to the owners but continued to assess the property as "Lot 1" at the same valuation. The trial court found "that in 1924 and 1925 the attempted assessment was as to the whole of said lot One without elimination of the portion conveyed to the City of Venice" and concluded that such attempted assessment was invalid. Appellants contend that the above-quoted finding is not supported by the evidence, but we find no merit in this contention. They rely on the presumption that the assessor properly performed his duty and assessed only the remaining portion of said lot 1. It is sufficient to point out that there was ample evidence to the contrary which evidence sustained said finding.

The judgment is affirmed in so far as it affects the portion of lot 1 as described in the complaint. The judgment is reversed in so far as it affects lots 5 and 6 as described in the complaint. Appellants will recover their costs on this appeal.

Nourse, P. J., and Sturtevant, J., concurred.

A petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 26, 1936.