[Civ. No. 2609.    Fourth Appellate District.—March 1, 1941.]

COURTNEY McCRACKEN, Respondent, v. EDNA DAN-
IELS HUMMEL, as Administratrix, etc., et al., Appel-
lants.

Hugo D. McKinley and Vernon F. Gant for Appellants.

Bradley & Bradley and Leroy McCormick for Respondent.

MARKS, J.—Plaintiff brought this action to quiet his title to two parcels of land in Tulare County. He had judgment and this appeal followed. Defendants have attempted to appeal from the order denying their motion for new trial which is not an appealable order. (Sec. 963, Code Civ. Proc.)

Plaintiff deraigns his title through tax deeds. No question is raised as to their validity, but only as to the quantity of the estate they conveyed. Defendants claim they are the owners of "the oil and gas rights" in the land in controversy. We will assume that by the expression, "the oil and gas rights" is meant the oil and gas in place, if any, together with the right to enter upon the land, drill for those substances and remove them, if found.

In January, 1915, J. S. Daniels, now deceased, acquired the fee title to the half section of land here in question. On October 9, 1923, he conveyed half of the property to Edna Hummel and the other half to Ruth G. Daniels. In each deed he reserved to himself "the oil and gas rights" in the properties. The defendants are (1) the personal representative, (2) the heir at law, and (3) the personal representative of a deceased heir at law of Daniels.

The properties were respectively assessed to Edna Hummel and Ruth G. Daniels. No deductions for the oil and gas rights which had been reserved by Daniels, were made in these assessments. These oil and gas rights were never separately assessed. The taxes were not paid and became delinquent. Plaintiff, through a deed to himself and mesne conveyances from others, became the owner of the tax title.

The sole question presented is whether plaintiff, through his tax title, or defendants as successors to any interest owned by J. S. Daniels, are the owners of the oil rights in the property. We are cited to no California case deciding the question.

Defendants rely principally on *Merchants Trust Co.* v. *Hopkins,* 103 Cal. App. 473 [284 Pac. 1072], where the assessor had assessed mineral rights as personal property, which was held to be erroneous. We get little assistance from this case.

It is now settled that an oil lease for an indefinite period creates in the lessee an estate in real property. (*Callahan* v. *Martin,* 3 Cal. (2d) 110 [43 Pac. (2d) 788, 101 A. L. R. 871] ; *Pimental* v. *Hall-Baker Co.,* 32 Cal. App. (2d) 697 [90

Pac. (2d) 588]; *Andrews* v. *W. K. Co.*, 35 Cal. App. (2d) 41 [94 Pac. (2d) 605].) Under such a lease the relation between the landowner and his lessee is similar to that between the tenants in a tenancy in common. (*Payne* v. *Callahan,* 37 Cal. App. (2d) 503 [99 Pac. (2d) 1050].)

▉ It is also well settled that the estate of the lessee created by such an oil lease may and perhaps should be assessed separately from the balance of the fee. (*Central Mfg. Dist., Inc.*, v. *State Board of Equalization,* 214 Cal. 288 [5 Pac. (2d) 424]; *Texas Co.* v. *Moynier,* 129 Cal. App. 738 [19 Pac. (2d) 280]; *Barnsdall Oil Co. of California* v. *Merriam,* 8 Fed. Supp. 185.) While this rule is recognized, we are cited to no case holding an assessment void if the assessor assesses the total value of the two estates in the land to the owners of the fee as distinguished from the owner of the oil rights.

As all proceedings in connection with the various assessments and sales of the properties occurred prior to the adoption of the Revenue and Taxation Code, our citations will be to sections of the Political Code.

Subject to exceptions not important here, section 3628 of the Political Code makes it the duty of a county assessor to assess all taxable real property in the county ''to the persons by whom it was owned or claimed, or in whose possession or control it was'', at noon on the first Monday in March of each year. It also provides that no mistake in the name of an owner or supposed owner shall render an assessment invalid and that nothing in the section shall release an owner from his duty to file a statement of his taxable property with the assessor.

Section 3629 of the same code places on each owner of taxable property the duty of filing with the county assessor a statement disclosing all of his property which is subject to taxation.

In *Webster* v. *Somer,* 159 Cal. 459 [114 Pac. 575], it was held that the fact that the assessor made a mistake in the name of an owner to whom he assessed property would not invalidate an assessment. (See *Palomeras Land Co.* v. *County of Los Angeles,* 146 Cal. 530 [80 Pac. 931]; *Hanson* v. *Goldsmith,* 170 Cal. 512 [150 Pac. 364].)

In *Traverso* v. *Tate,* 82 Cal. 170 [22 Pac. 1082], it was said that it was proper to assess the full value of property to one of two tenants in common who was in possession.

By analogy, the cases of *Spring Valley Water Co.* v. *County of Alameda*, 24 Cal. App. 278 [141 Pac. 38], and *Spring Valley Water Co.* v. *County of Alameda*, 88 Cal. App. 157 [263 Pac. 318], are helpful. The Spring Valley Water Company had purchased certain water rights from riparian land owners and had diverted the water for use elsewhere. The assessor assessed the lands to the owners of the fees without any deduction for the riparian water rights that had been severed. He also assessed the value of the riparian rights to the Spring Valley Water Company. That company paid the taxes under protest and brought suit to recover the sums so paid. Judgments in its favor were affirmed on the ground that the riparian lands having been assessed without any deduction for the water rights that had been sold, established that the assessments included the value of the water rights and that when the taxes on the lands, levied pursuant to those assessments, had been paid, the taxing power had been exhausted; that the assessment of the same water rights to the Spring Valley Water Company constituted double taxation which was prohibited by law. In the last case (88 Cal. App. 157) assessments levied on the riparian rights for certain districts in Alameda County were held void for additional reasons.

It was the duty of the assessor of Tulare County to assess all taxable property in that county. Thus it was his duty to assess whatever interest J. S. Daniels owned in the oil rights in the lands in question. A mistake in the name of the person to whom those oil rights were assessed would not invalidate their assessment. ■ The presumption that a public official has performed his duty is too well established to need the citation of supporting authorities. As there was no separate assessment of those oil rights, and as the assessments of the balance of the fee showed no reduction in the assessments because of the separate ownership of those oil rights, we must conclude that the assessed valuation placed on the properties by the assessor included the assessed valuation of the oil rights. Any other conclusion would have to be based on the assumption, without supporting evidence, that the assessor failed to perform his duty and failed to assess taxable property situated within his county. This we are not permitted to do without evidence showing such a breach of duty.

As the oil rights were assessed by including their valuation in the assessed valuation placed on the properties, it follows

that plaintiff became the owner of them through the tax deeds which he and his predecessors in interest received.

The judgment is affirmed. The attempted appeal from the order denying the motion for new trial is dismissed.

Barnard, P. J., and Griffin, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied April 24, 1941. Carter, J., voted for a hearing.