[Civ. No. 2585.   Fourth Dist.—April 17, 1941.]

FRANCIS G. SCHUETTE et al., Respondents, v. ADOLPH LARSON, Appellant.

Chester O. Hansen and John Said for Appellant.

Bohnett, Hill, Cottrell & Boccardo, James F. Boccardo, Shepard & Shepard and Jean M. Blum for Respondents.

BARNARD, P. J.—This is an action for damages arising from a collision between a truck and trailer owned by the plaintiff Schuette and an automobile owned and operated by the defendant. The complaint sets up two causes of action. In the first, the plaintiff Schuette seeks to recover for the damage to his truck and trailer and in the second, the plaintiff Woolley seeks to recover for the destruction of the load of merchandise which was being transported on the truck and trailer. The defendant filed a cross-complaint. After trial by the court without a jury, a judgment was entered awarding the plaintiff Schuette $1145 and the plaintiff Woolley $1328.59, and denying relief to the cross-complainant.

While the defendant has appealed from the entire judgment the award of damages in favor of Schuette is in no way attacked, the briefs and argument being directed entirely to that part of the judgment which is in favor of Woolley.

The only point raised is that a bailee of personal property who is not in actual possession thereof cannot maintain a cause of action in his own name against a tort-feasor for damage to said property. In support of this contention it is stated in appellant's brief that no part of the cargo in question was owned by Woolley, but that the merchandise belonged to various third parties and had been shipped by Woolley acting merely as a forwarder. On the other hand, the respondents' brief states that this merchandise was owned by and had been shipped by Woolley.

There is no evidence in the record supporting appellant's contention that this merchandise was owned by third parties. The only evidence having any bearing on this situation is the testimony of the driver of the truck and trailer, who testified that Schuette was engaged in the business of transporting merchandise by truck and that "Woolley shipped the cargo that was on this truck". Woolley was in possession of these goods when they were delivered to Schuette and to ship them would be to exercise an act of ownership over them. Under such circumstances, and in the absence of any evidence to indicate a contrary situation, there is a presumption that Woolley was the owner of the goods. (Code Civ. Proc., sec. 1963, subds. 11 and 12.) The court found that Woolley delivered these goods to Schuette, for transportation on behalf of Woolley; that the goods were burned and destroyed as a result of the appellant's negligence; and that Woolley was thereby damaged in the sum of $1328.59. The evidence, with the reasonable inferences that may be drawn therefrom, together with the existing presumptions, support the findings and judgment.

The appellant points to no evidence to support his contention, but relies entirely on an allegation in the second cause of action of the complaint, which reads: "That at the time of said collision plaintiff was transporting on the equipment belonging to plaintiff Francis G. Schuette a cargo of merchandise as bailee of the same". While this is somewhat ambiguous it does not certainly appear therefrom that it was intended to allege that Woolley, as bailee, was transporting

these goods on Schuette's equipment. It may have been intended as an allegation that Woolley was transporting the goods on Schuette's equipment and that Schuette had possession of them as bailee. The case seems to have been tried on the latter theory, it seems not to have been questioned by the court or counsel that the goods belonged to Woolley, and so far as the transcript discloses it was never in any way called to the court's attention that the appellant made any claim that Woolley was not the owner of the goods, or that he was not in a position to maintain the action.

It is a general rule of law that questions of this character may not be raised for the first time on appeal. (*Bloxham* v. *Tehama County Tel. Co.*, 29 Cal. App. 326 [155 Pac. 654] ; *Westphal* v. *Arnoux*, 51 Cal. App. 532 [197 Pac. 395] ; *Morris* v. *Warner*, 207 Cal. 498 [279 Pac. 152] ; *Blanc* v. *Connor*, 167 Cal. 719 [141 Pac. 217] ; *Kline* v. *Guaranty Oil Co.*, 167 Cal. 476 [140 Pac. 1] ; *Marxen* v. *Herron*, 129 Cal. App. 479 [18 Pac. (2d) 1002].) In *Bartnett* v. *Hull*, 19 Cal. App. 91 [124 Pac. 885], the court said:

"Where, as in this case, a pleading is perhaps ambiguous and uncertain, or susceptible of two interpretations as to its meaning, and all parties to the action apparently adopt and acquiesce in an interpretation that sustains the jurisdiction of the court as to the subject matter of the action, the losing party in such court should not be allowed upon appeal for the first time to insist upon a different interpretation of the pleading—one that will oust the court of its jurisdiction."

This rule of law is peculiarly applicable here, where the entire matter is one which could so easily have been cleared up if called to the attention of the trial court. Evidence could have been produced to show one situation or the other with respect to these goods and, if necessary, the complaint could have been amended to conform to the proof. This was a simple case in which all of the issues should have been presented and tried at one time and the appellant should not be permitted, after taking his chances on submitting the case on its merits, to raise on appeal this technical matter which could and should have been raised in the trial court, where the actual facts could have been readily established and found.

The judgment is affirmed.

Marks, J., and Griffin, J., concurred.