[Civ. No. 4697.   Fourth Dist.   June 16, 1954.]

F. E. ESTRIBOU, Respondent, v. ALMA INVESTMENT COMPANY (a Corporation) et al., Appellants.

[Civ. No. 4698.   Fourth Dist.   June 16, 1954.]

L AND B PRODUCING AND DRILLING COMPANY (a Corporation) et al., Respondents, v. ALMA INVESTMENT COMPANY (a Corporation) et al., Appellants.

West, Vizzard, Howden & Baker and Vizzard, Baker & Sullivan for Appellants.

Norbert Baumgarten and T. R. Claflin for Respondents.

GRIFFIN, J.—These consolidated actions to quiet title involve the same legal questions in relation to certain claimed gas and oil interests in real property in Kern County.

In the Estribou case the plaintiff alleged that he was the owner of an undivided one-half interest in all oil, gas, and other hydrocarbon substances within or underlying the described land. In the case of L and B Producing and Drilling Company (hereinafter referred to as L & B) the plaintiffs alleged that they were the owners of an undivided 4⅛ per cent interest therein. In both cases the defendants denied the title of plaintiffs and filed a cross-complaint alleging their title.

The facts show that one McInerny owned the fee and all mineral rights to the property prior to 1928; that on January 24, 1928, he conveyed of record a 6¼ per cent of all oil and gas rights to Hillman-Long, Inc., a corporation; that all of the interests of plaintiff L & B arise from this conveyance; that on March 24, 1926, McInerny, still being the owner of the fee and remaining oil and gas interests, conveyed 4 per cent more of his interest to one Womack; that this interest descended to certain parties who are cross-defendants in the original action by L & B, but who defaulted; that on May 12, 1942, McInerny, then owner of the fee and 89¾ per cent of the oil and gas interests, conveyed them to plaintiff Estribou; that on May 25, *1942*, Estribou sold all of his interest to one Allen, except a reservation of "one-half of the oil, gas, or other hydrocarbon substances contained in or under this land"; that Allen sold all of his interest to one Ola Cronk; that in March, *1944*, the ownership being as above stated, there was made the assessment on which defendants' tax deeds were predicated; that at this time the assessor assessed to McInerny the following: "50 per cent *mining rights* E ½ Lot 1, Section 22, Township 298, Range 27E, M. D. B. & M." (italics ours); that at the same time the assessor assessed to Ola Cronk the balance of the land and all interests therein (which tax was fully paid); and that subsequently the taxes on the foregoing assessment to McInerny of the "50 per cent *mining rights*" were not paid and a sale followed. (Italics ours.) This is the sole basis of the claim by defendants to negative plaintiffs' rights to certain oil and gas interests in said land.

Defendants' claim of title in each action is based upon two deeds, the first being a deed from the tax collector of Kern County to the State of California dated June 29, 1950, and recorded July 25, 1950. The second deed is from the state to defendants, executed October 31, 1950, and recorded No-

vember 29, 1950. The Estribou action was commenced on August 16, 1951, and the other action on November 6, 1951.

In the Estribou case, defendants pleaded, as an affirmative defense, the one-year statute of limitations, under the provisions of sections 175 and 3521 of the Revenue and Taxation Code. In the L & B case they set up an affirmative defense of the statute of limitations under the provisions of sections 3727, 3521, and 3522 of the Revenue and Taxation Code.

The evidence shows that plaintiffs entered into an oil and gas lease with the Waters Company, as lessee, on October 30, 1950, and that defendants thereafter, on January 10, 1951, entered into a similar lease with the same lessee on the same property. It was stipulated that there was production of oil, gas, and other hydrocarbon substances commencing on May 5, 1951, until November, 1952. The various plaintiffs, by the judgment, had their titles quieted to the portions of oil, gas, and other hydrocarbon substances contained in or under the land mentioned.

At the trial the tax deeds were received in evidence over objections. Other exhibits establishing the facts related were also received in evidence. Some testimony was taken indicating that it was the method of the assessor in that county in assessing oil and gas interests to assess them as "mining rights." Several stipulations between counsel followed which included a stipulation that neither McInerny nor anyone else filed a statement of ownership of any separate mineral interest independent of the fee title, under oath, as provided by sections 441 and 442 of the Revenue and Taxation Code.

The tax deeds upon which defendants rely are predicated upon the nonpayment of a delinquent tax, based upon a separate assessment made in 1944, denominated "mining rights" in certain described real property. No further description is indicated in the assessment nor in the tax deed, except that the tax deeds recite that the last assessee was T. J. McInerny. These "mining rights" were not assessed to the record owner of the gas and oil interests, as described in the deeds conveying or reserving that interest to plaintiffs. It was described in these deeds as a specified percentage of the "oil, gas and other hydrocarbon substances contained in or underlying said land."

A similar question to that here presented was before this court in *Alma Inv. Co.* v. *Krausse,* 117 Cal.App.2d 740 [256 P.2d 1017] (hearing denied by the Supreme Court) and we there held, under a somewhat similar statement of facts in

reference to the description of the property being assessed as "mining rights," that it did not necessarily include ordinary oil rights, and that such a description in the assessment and tax deed appeared to be uncertain, indefinite and misleading if it was intended to segregate from the fee and separately assess for the first time only a percentage of oil, gas, and other hydrocarbon substances contained in or underlying said land.

For the reasons therein thoroughly discussed and pointed out, it was held that the description, under the circumstances indicated, did not appear to sufficiently describe the property assessed, and which was sold. It was there also held that under the circumstances, the statutes of limitation, as pleaded herein, were not applicable. ■ These limitation statutes apply to the question of the invalidity of the tax proceedings and do not affect the right of an owner to show· that the proceedings, even if valid, did not apply to nor affect the land or interest in land which he owned.

■ The title stood on the assessment date in question as follows: (a) Ola Cronk owned the fee and 39¾ per cent of the oil and gas; (b) Plaintiff Estribou owned 50 per cent of the oil and gas; (c) 6¼ per cent was owned by various assignees of Hillman-Long, Inc., which descended to plaintiff L & B; (d) 4 per cent was owned by C. E. Appling and A. Vanoni. In spite of the record ownership for the years in question, the county assessor reached back and assessed a 50 per cent of the "mining rights" to McInerny. Apparently McInerny never owned a separate 50 per cent of "mining rights" or of oil and gas rights in this property and owned no interest of any kind at the time of the assessment. Since there are two halves to every unit, and since the assessor assessed a "50 per cent mining rights" in the property to McInerny, it is difficult to determine which 50 per cent he did so assess, and which 50 per cent was sold under the tax deed.

The conclusion reached by the trial court that the description was defective and that no title passed by virtue of the sale and tax deeds is supported by the evidence and authority cited. (See also *McCracken* v. *Hummel*, 43 Cal.App.2d 302 [110 P.2d 700]; *Miller* v. *Williams*, 135 Cal. 183 [67 P. 788]; *Stewart* v. *Atkinson*, 96 Cal.App. 50 [273 P. 606]; *Spring Valley Water Co.* v. *County of Alameda*, 24 Cal.App. 278 [141 P. 38]; and *Mallman* v. *Kneeben*, 11 Cal.App.2d 484 [54 P.2d 46].)

In view of this conclusion and this court's holding in the Krausse case, as well as the court's holding in *Moran* v. *Thomas*, 19 S.D. 469 [104 N.W. 212], and the general principles of law stated in 133 American Law Reports, page 570 et seq., no further discussion is necessary as to the applicability of the statutes of limitation, as pleaded by defendants, or as to the claim that under *Elbert, Ltd.* v. *Gross*, 41 Cal.2d 322 [260 P.2d 35], they did apply because of defendant's contention that it was established that plaintiffs, as owners, were not in possession of the property during the period in question, or because, under *Skidmore* v. *County of Amador*, 7 Cal. 2d 37 [59 P.2d 818], plaintiffs failed to file a taxpayer's statement of just what interest they did own.

Judgments affirmed.

Barnard, P. J., and Mussell, J., concurred.